Roy Abell, appellant, v. Archie D. Howat, appellee.

No. 50204.

(Reported in 107 N.W.2d 924)

March 7, 1961.

Richard C. Turner, of Council Bluffs, for appellant.

Ross, Johnson, Northrop, Stuart & Tinley, of Council Bluffs, for appellee.

Thornton, J.—This appeal was taken by plaintiff from a ruling denying his application to set aside a dismissal for want of prosecution.

The import of the ruling was that it was without prejudice to a renewal of the application in accordance with rules 252 and 253, Rules of Civil Procedure, after bringing in the legal representative of the defendant. The defendant died after the filing of the application and before the hearing thereon. This appeared as a fact agreed to by counsel at the hearing.

The plaintiff brought this action in April of 1958 for property damage in the sum of $389.23 to his automobile resulting from an automobile collision. Plaintiff filed trial notices for six different terms. The case was assigned for trial three terms and defendant did not file an answer until January 4, 1960.

Pursuant to the rules of the Fifteenth Judicial District plaintiff's case was placed on the five-term calendar in the August 1959 term and marked for trial at the October 1959 term. Notice thereof was given to counsel for both parties. Plaintiff took no steps to continue the case and on November 19, 1959, the court entered an order on the court's calendar sheet or page dismissing the case for want of prosecution and entering judgment for costs against plaintiff. This was a rubber-stamp entry signed by the Judge. This calendar entry was not entered in the Appearance, Fee and Judgment Docket, sections 606.7(6) and 606.12, Code of Iowa, 1958, and rule 227, Rules of Civil Procedure, and no notice thereof given to counsel as provided in the local rules and rule 120, Rules of Civil Procedure. On December 18, 1959, plaintiff, unaware the case was dismissed, filed his sixth trial notice. On December 29, 1959, with counsel for both sides present, the case was assigned for pretrial conference January 4, 1960, and for trial January 11, 1960. On the day before plaintiff had made inquiry in the clerk's office as to whether the case was dismissed or not. He was told it was not. At the pretrial conference January 4, 1960, the dismissal was discovered by the attorneys and this application filed on the same day.

The basis for plaintiff's application is that the dismissal was not properly made because not entered on the docket, he was not notified of the dismissal, and it is not binding on plaintiff. Perhaps inherent in the application, but not set forth therein, is the thought plaintiff could have moved for reinstate-

ment of the case at the same term if he had been notified. Plaintiff directs us to pages six and seven of the record for the local rule allowing reinstatement during the term, but we do not find it set out there. However, we assume such to be the rule from the reference made thereto by the trial court.

I. The failure of the clerk to notify plaintiff's counsel of the dismissal in time to secure an order of reinstatement within the same term is the only possible prejudice to plaintiff and under this record it would not be improper to hold it constitutes a mistake, neglect or omission of the clerk under rule 252(a), Rules of Civil Procedure. The trial court recognized this in its ruling and indicated it was a sufficient reason to set aside the dismissal, but because the term at which the dismissal was entered was over, and the agreed facts showed the defendant was deceased by the time the hearing was reached, denied the application without prejudice as above indicated. This ruling is not error.

By the lapse of time plaintiff had lost the benefit of the local rule. This gave rise to the grounds to proceed under rules 252 and 253 at that time. We do not have the benefit of a copy of the local rule but if it provides as claimed by plaintiff and as indicated in the trial court's reference to it, in no event would it be available to him after the end of the term.

II. Plaintiff urges here the court erred in concluding the calendar entry of dismissal was a valid judgment when it was not entered of record. In support of this proposition he cites rules 120, 219, and 227, Rules of Civil Procedure, and Phelps v. Varbel, 248 Iowa 467, 79 N.W.2d 763; Sido v. Sido, 242 Iowa 950, 48 N.W.2d 799; Lotz v. United Food Markets, 225 Iowa 1397, 283 N.W. 99; State v. Wieland, 217 Iowa 887, 251 N.W. 757; State ex rel. Brown v. Beaton, 190 Iowa 216, 178 N.W. 1, 180 N.W. 166; Greazel v. Price, 135 Iowa 364, 112 N.W. 827; and Miller v. Wolf, 63 Iowa 233, 18 N.W. 889. We have examined each of these authorities but do not find they help under this record. Whether or not this was a judgment conclusive for all purposes would in no way help plaintiff. As having some bearing, see Street v. Stewart, 226 Iowa 960, 285 N.W. 204. He was confronted with an order of court dis-

missing his action which could ripen into a final judgment upon being properly recorded by the clerk. As mentioned, by lapse of time he had lost his right to proceed under the local rules. The only avenue left open to him at that time was under rules 252 and 253. Rule 252 provides, "* * * the court may correct, vacate or modify a final judgment or order, * * *." Rule 253 provides the petition must be filed and the notice served on the adverse party within one year after the rendition of the judgment or order involved; Kern v. Woodbury County, 234 Iowa 1321, 14 N.W.2d 687; In re Estate of DePenning, 244 Iowa 690, 701, 58 N.W.2d 9; and the manner of proceeding.

III. It was not error for the trial court to require the substitution of the legal representative of the deceased defendant. Until this is done there is no defendant to the action from which recovery may be had. Sections 611.20 and 611.22, Code of Iowa, 1958; Parshall v. Moody, 24 Iowa 314, 318; and Cavender v. Smith, 8 (Clarke) Iowa 360, 367.—Affirmed.

All JUSTICES concur.