LLOYD D. SEELA, appellant, v. RICHARD R. HAYE et al., appellees.

No. 51303.

(Reported in 128 N.W.2d 279)

MAY 5, 1964.

Steward, Crouch & Hopkins, of Des Moines, Fitzgibbons & Fitzgibbons, of Estherville, and Eugene R. Melson, of Jefferson, for appellant.

Linnan, Lynch & Straub, of Algona, for appellees Richard R. Haye and O. F. Haye and sons.

Burt & Prichard, of Emmetsburg, for appellee David W. Gaub.

HAYS, J.—Does rule 215.1, R. C. P., entitled "Uniform rule for dismissal for want of prosecution" constitute the sole method for disposal of stagnant cases, thereby superseding local court rules, in effect prior to the enactment of such rule? This is the issue presented by this appeal.

The fourteenth judicial district, from which this appeal comes, has had a local rule dealing with the dismissal of cases for want of prosecution which has been in effect since 1923. It

in part provides: "* * * when the record shows that any case has been pending for two years from and after the date of filing the petition, the court shall without further notice dismiss the same and enter judgment against the plaintiff for costs."

Rule 215.1, R. C. P., effective July 4, 1961, in part provides: "* * * All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be for trial at the next term commencing after August 15 of said year. The clerk *shall* prior to August 15 *give notice* to counsel of record * * * and the notice shall state that such case will be for trial and subject to dismissal if not tried in the next succeeding term pursuant to this rule. All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless * * *." (Italics ours.)

In 1956 plaintiff sustained personal injuries in an automobile accident. An action to recover damages on account thereof was commenced in August 1958. Issues were joined in the case in October 1958. On December 5, 1961, the court acting under the authority of the above mentioned court rule, without notice to plaintiff, dismissed the proceedings and entered judgment for costs. Notice of such judgment entry was not sent out by the clerk of court as is required by rule 120, R. C. P. In October 1962 plaintiff learned of such dismissal and in November 1962 filed a petition, as authorized by rules 252 and 253, R. C. P., to vacate the judgment of dismissal and reinstate the proceedings. The petition alleged mistake, neglect and omission of the clerk, and unavoidable casualty or misfortune preventing the plaintiff from prosecuting. After a hearing the trial court held plaintiff had failed to come within the purview of rules 252 and 253 and dismissed the petition. Thus this appeal.

Plaintiff contends that rule 215.1, R. C. P., constitutes the exclusive method for such a dismissal; that there being no notice given, as the rule provides, there was no authority for the court to enter a dismissal. The defendants assert that the court has an inherent power to dismiss cases for want of prosecution irrespective of rule 215.1; that whether the court will grant relief under rules 252 and 253 is a matter of discretion with

the trial court which will be disturbed only for an abuse thereof and there is no showing of an abuse by the court.

I. The trial court held rule 215.1, R. C. P., was not exclusive; that under rule 120, R. C. P., notice of the entry of the judgment should have been given to plaintiff. It found however, under the facts set forth in the record, in the exercise of its discretion, that plaintiff was not entitled to relief under rules 252 and 253, R. C. P. While we are inclined to agree with the court, assuming it to be correct as to the status of rule 215.1, R. C. P., that the facts do not warrant the relief asked, we do not set forth the factual situation, as to reasons why the plaintiff is not entitled to such relief, as we think the case turns upon another factor.

II. We think rule 215.1, R. C. P., constitutes the sole method for dismissing a case for want of prosecution, thus eliminating any and all prior local court rules upon this proposition.

Rule 215.1, entitled "Uniform rule for dismissal for want of prosecution", states it to be "the declared policy that in the exercise of reasonable diligence every civil and special action * * * shall be brought to issue and tried within one year from the date it is filed * * *". It then goes on and sets forth the steps necessary to be taken to authorize a dismissal.

In Windus v. Great Plains Gas, 254 Iowa 114, 121, 116 N.W.2d 410, 414, we said, "Rule 215.1 became effective July 4, 1961, and represents the first statutory requirement for the disposal of cases within a certain time. The theory of this rule is not new, however, and *prior to its effective date*, most courts, including this one, had local rules for the dismissal of so called 'stale' cases." (Italics added.)

In Windus v. Great Plains Gas, 255 Iowa 587, 593, 122 N.W.2d 901, 904, this court said, "The rule [215.1] is meant to expedite litigation, and to make the *dismissal practice uniform* over the state. [Talbot v. Talbot, 255 Iowa 337, 122 N.W.2d 456.] *Before the adoption* of the rule, each district had its own dismissal rule, and these varied considerably. Lawyers with practices in the several districts of the state were thereby placed under the necessity of watching and complying with differing dismissal rules in each judicial district; a confusing and

burdensome situation. *Now each attorney knows that the rule is the same statewide."* (Italics ours.)

In Talbot v. Talbot, 255 Iowa 337, 340, 122 N.W.2d 456, 458, we said in reference to the rule, "these terms are positive and definite and the rule clearly mandatory. *No substantial departure therefrom can be permitted and have the rule effective.* 'The operation of the rule is not discretionary with the trial court.' " (Italics ours.)

In view of the wording of rule 215.1 and the above pronouncements of this court relative thereto we hold that rule 215.1 constitutes the sole method under which a cause may be dismissed for want of prosecution; and that it eliminated all local court rules of the various district courts of this state which were operative prior to July 4, 1961.

Again quoting from Talbot v. Talbot, supra, 255 Iowa at page 339, 122 N.W.2d at page 458, we said "When a cause has been noted for trial pursuant to rule 215.1 *and due notice is served by the clerk,* the trial court has no power to grant a continuance * * *." (Italics ours.) We think a like view is required as to the right or power of the court to dismiss, in that due notice must be given by the clerk as set forth in the rule, is a mandatory antecedent requirement to a dismissal thereunder.

Rule 252 authorizes the court to vacate a final judgment for "Mistake, neglect or omission of the clerk". Such a reason is one of the grounds alleged in plaintiff's petition to vacate. In Abell v. Howat, 252 Iowa 623, 107 N.W.2d 924, we said that a failure of the clerk to give notice, as is required by rule 120, could properly be held to constitute such a mistake, neglect or omission of the clerk under rule 252(a), R. C. P. We see no reason for a different rule here. We think the refusal of the court to vacate the dismissal order constituted an abuse of the discretion granted the court by rules 252 and 253; that the same strict compliance with rule 215.1, relative to a dismissal, is required as has been required on the question of a continuance under said rule.

Rule 215.1 recognizes the power of the trial court to control its docket and to rid the same of stale cases. It simply makes uniform this power in the various courts of the state where

heretofore it had existed in various forms as to time, notice and methods. Rule 215.1 simply sets forth a uniform system of procedure to be strictly followed throughout the State.

The judgment of the trial court in dismissing plaintiff's petition filed under rules 252 and 253 was prejudicial error. The same is reversed and the cause remanded for further proceedings.—Reversed and remanded.

All JUSTICES concur.