OPAL M. ENGLISH et al., appellants, v. KURT SEBERG et al., appellees.

No. 52365.

(Reported in 150 N.W.2d 295)

MAY 2, 1967.

Lex Hawkins, of Des Moines, for appellants.

Cartwright, Druker, Ryden & Fagg, of Marshalltown, for appellees.

MASON, J.—July 5, 1963, Opal M. English and Harry L. English filed a personal injury action in Marshall County, demanding a jury trial, against Kurt Seberg and Edward Seberg as the result of a collision on July 9, 1961, between the English and Seberg vehicles. Defendants filed answer August 13.

August 10, 1964, the Marshall district clerk mailed notice pursuant to rule 215.1, Rules of Civil Procedure, that the case would be tried at the September 1964 term. The matter was continued from term to term until plaintiffs' motion for continuance filed December 14, 1965, seeking a fifth continuance to the January 1966 term was overruled, resulting in a dismissal of their claim with prejudice.

Plaintiffs appeal from the ruling, contending the trial court abused his discretion.

I. After the filing of defendants' answer nothing further was done until the notice under rule 215.1. Then on September 8, 1964, plaintiffs filed a certificate of readiness.

After two continuances the case was put in the trial assignment for the January 1965 term. January 11 a pretrial conference was held and January 27 the case was removed from the assignment and continued to the March term.

February 2 defendants filed 13 interrogatories to be answered by Opal English. These were not answered until September 8 of the same year under requirement of an order entered after a hearing September 3 as a condition to granting another continuance.

June 7, 1965, defendants filed motion for dismissal under rule 215.1, R. C. P., and an amendment June 8. The motion was

assigned for oral argument June 15 but hearing was waived when the court noted the motion was premature. August 27 plaintiffs were given until August 30 to file motion for continuance. On that date, approximately two and one-half months after dismissal of the jury for the March term, plaintiffs filed motion to continue the cause to the September 1965 term. Defendants had filed resistance.

The order entered September 9 on the September 3 hearing provided in part: "However, in the interest of justice and in view of matters contained in paragraphs four and five of said motion, the court believes the case should be continued subject to the further provisions of this order."

In paragraph four of the motion it was asserted plaintiffs' attorney had been appointed Polk County attorney February 15, 1965; in paragraph five, that thereafter until the present he was unable because of the duties of that office to properly prosecute the action for plaintiffs.

In addition to the requirement that defendants' interrogatories be answered, the September 9 order provided that plaintiffs' counsel would arrange for the discovery deposition of Opal M. English when requested by defendants prior to the end of that term of court. The court's order also provided in part: "On the basis of the answers to the interrogatories being filed and plaintiff submitting to the discovery deposition, this cause is continued to the October 1965 term of this court, and plaintiffs, through their attorney, stipulate that it will be tried or otherwise disposed of at that term or stand dismissed as of December 31, 1965."

Late in September or early October plaintiffs' present counsel entered the case.

October 8 defendants took the deposition of Opal M. English at her attorney's office. At that time defendants' counsel stated he desired to take discovery depositions of certain of Opal's doctors who practiced in Des Moines and for that purpose would like to have the consent of plaintiffs' counsel to interview these doctors and arrange for their depositions. Defendants contend that at this time plaintiffs' counsel advised their counsel that as soon as the discovery deposition of Opal English was transcribed

he would review it and determine what doctors were to be used in connection with the case and would himself arrange for the taking of their depositions and would advise defendants' counsel in regard thereto.

October 18 an order was entered with reference to the taking of depositions of others than plaintiffs. The court, after noting that counsel for both parties had agreed to the taking of depositions of others than plaintiffs, that the taking of such depositions would probably not be concluded in the present term and that counsel had mutually agreed such further depositions might be taken during the course of the October 1965 term in time for trial of the cause during such term, ordered a further extension of time to take depositions during the October 1965 term. However, they were to be completed in time for trial of the cause during the October term.

The assignment for the October 1965 term was made at 2 p.m., October 25. No one was present at the assignment in plaintiffs' behalf and at no time was a request made that the case be placed in the assignment until December 6 when Mr. Fenton, who had been plaintiffs' counsel from the beginning of the matter until sometime before the October 1965 term when present counsel took over, telephoned the trial judge to ask if the case could be tried. The judge informed Mr. Fenton it did not appear possible at such a late date to get the case tried in the short time remaining in the term; he was engaged in a trial which would and did consume that week; he had two jury cases for trial the following week commencing December 13 which counsel had advised would be tried; earlier in the term he had assured the jury they would be excused the week of December 20 to make preparations for Christmas; the week commencing December 27, the final week of the term, had been set aside at the time of the assignment for trial of an involved suit in equity to accommodate a number of out-of-state witnesses.

Mr. Fenton advised the court a motion for continuance would be filed. The trial judge referred him to defendants' counsel. However, he did not call defendants' counsel nor communicate further with the judge. Then on December 14 plaintiffs filed motion for continuance, attaching an exhibit listing

in chronological order legal matters plaintiffs' counsel was engaged in from September 25, 1965, to December 10. A supplement to the motion was filed December 27, listing matters counsel was engaged in from September 14 to December 21.

At the end of the week the first jury case was removed from the assignment in order to accommodate trial counsel and the second case was tried to the court by stipulation. There apparently being no more jury cases for trial, at 9 a.m. December 14 the trial judge made an entry dismissing the jury for the term and the sheriff immediately notified the jurors of the panel to that effect. Later the morning of December 14 plaintiffs' motion was filed. The motion stated plaintiffs' counsel had been engaged from October 25 to the present time, that he was then ready to proceed with the trial and had been exercising due diligence.

The only time during the October 1965 term that Mr. Fenton communicated with defendants' counsel was December 23 when he asked to have the motion for continuance submitted before the end of the term. The hearing on this motion was held December 28 and it was then stipulated that the October term opened October 25, 1965, and would close December 31.

II. The trial judge presiding at the October term heard plaintiffs' motion and filed the ruling February 10, 1966, from which this appeal was taken. However, he is not the judge who entered the try-or-dismiss order of September 9.

In his ruling the trial court stated that at the time of the trial assignment in October he was not aware of the order requiring this matter be tried or disposed of during that term.

The trial court found the evidence completely failed to sustain the allegations of plaintiffs' motion that due diligence to prosecute the case had been exercised; Mr. Fenton had referred the case to present counsel sometime after the September 9 ruling; present counsel became familiar with the requirement that the case be tried at the October term. Because of other commitments it would have been impossible for him to have tried the case during the October term. The case was fully in present counsel's hands on December 6 when Mr. Fenton telephoned the trial court about trying the case. At that time counsel was not

available because he was trying a Currie case in federal court and because of the Chapman case in Waterloo district court did not expect to be available at anytime during December.

The trial court further found the record entirely barren of any efforts by present counsel to postpone or shift other matters in order to permit him to attend to this case.

The court concluded no basis had been shown to relieve plaintiffs of the stipulation and agreement of their counsel on September 3, 1964, or from the effect of the September 9 order that the case would be disposed of during the October term and if not disposed of should stand dismissed at the end of the term; the present court had no right to disregard or set aside the order of September 9, 1965, under the showing made.

Plaintiffs' motion for continuance was denied and the cause dismissed at their costs as provided in the September 9 order.

III. The parties agree the motion presents a factual question.

In support of their error relied on for reversal plaintiffs argue there had been no showing of any prejudice on the part of defendants; the schedule of plaintiffs' counsel was a reasonable excuse for failure to try the case in the October term up to December 6 and defendants' counsel had been guilty of negligence and delay in not taking the deposition of plaintiffs' doctors by either serving notice or merely contacting plaintiffs in regard thereto. They contend on December 6, 1965, the trial judge knew plaintiffs had requested a jury trial and on December 14 knew another judge had entered an order requiring the case be tried during that term. They assert the denial of their motion for continuance deprives them of a trial of their claim on the merits because the statute of limitations has run and the case cannot be filed anew.

It appears from the record that the trial court at the hearing considered whether he had failed to do something or had some responsibility for the case not being tried during the two weeks in December after the December 14 telephone call.

In this connection the trial court reviewed the record and noted the cause first came to his attention in June 1965 when defendants' counsel asked that his motion for dismissal be

714

assigned for oral argument. He made an entry June 8 setting the hearing for June 15 but, as stated, the matter was not presented when it appeared the motion was premature. Late in August the trial judge received a telephone call from Mr. Fenton relative to a continuance, referred him to defendants' counsel and subsequently entered the August 27 order granting plaintiffs until August 30 to file motion for continuance and assigning it for oral argument before another judge September 3. The present trial judge had no further information about the case until the December 6 telephone call from Mr. Fenton.

Because of settlements and changes in the assignment, there were no jury cases tried from the 13th to the 27th of December. Although the jury had been informed there would be a case December 27 they were dismissed December 14 when it was settled. That day the trial judge received a telephone call from present counsel asking for an early hearing on the motion for continuance. Since the try-or-dismiss order had been entered by another judge, the present trial judge suggested counsel contact that judge for a hearing date. That judge refused to hear the matter and in a day or two thereafter the trial judge again received a telephone call from present counsel advising him of the other judge's refusal to hear the matter. The trial judge then assigned the hearing for December 23 but because of illness was unable to hear it until December 28.

Present counsel testified at the hearing he did not expect to be available during December because of the Chapman trial. It was only because of an unexpected settlement on December 21 after several days of trial that he was available. It would have been impossible for him to proceed with the trial of the present case December 14.

Plaintiffs' counsel asserts he had planned to attend the trial assignment as he thought the Grove case set for that day in federal court would be settled. When it was not, he had no one in his office who could attend the assignment on his behalf.

Under the circumstances here we do not believe it was the trial court's duty to place the case in the October assignment in the absence of attention from counsel indicating his availability for trial.

IV. Plaintiffs allege counsel had exercised due diligence to prosecute the case. They contend that upon being notified December 13 the jury had been excused for the term, he immediately prepared and mailed the application for continuance, thus complying with rule 182(a), R. C. P., which provides:

"Motions for continuance shall be filed without delay after the grounds therefor become known to the party or his council. * * *."

December 14 he telephoned the trial judge in Vinton, asking if the motion for continuance could be assigned for an early hearing. Then the telephone calls referred to in the trial court's finding, supra, followed.

From the schedule of plaintiffs' counsel attached to the motion and supplement thereto, it is apparent he was actively engaged in other legal matters which had already been assigned for trial from September 14 through December 21, 1965, and it would have been impossible for him to try the present matter until after this date.

The record discloses: "Of those cases which the witness [present counsel] alluded to in his affidavit, the Grove case in Federal Court was specially set and moved once, the Currie case was specially set and had been moved once, the case in the Circuit Court of Appeals in which the witness represented the plaintiff against one of Mr. Druker's partners was specially set and moved to the particular time in the Circuit, the Chapman case in Waterloo had been set three different times and moved to that specific date, and all of those cases had been assigned prior to the witness actually getting into this case in October."

Were the grounds for continuance such that denial thereof amounted to an abuse of the court's discretion?

In its conclusions the court stated, "* * * Other than the fact that denying a continuance would, unhappily, deprive plaintiff a trial of her claim on the merits, because the period of the statute of limitations has run and the case cannot be filed anew, no grounds or reasons have been given which would justify sustaining the motion for continuance."

Rule 183(a), R. C. P., provides:

"A continuance may be allowed for any cause not growing out of the fault or negligence of the applicant, which satisfies the court that substantial justice will be more nearly obtained. * * *"

■ Under this rule the matter of a continuance is addressed to the sound legal discretion of the court. This power to grant or refuse a continuance presupposes exercise of a sound judicial discretion to the end that so far as possible no injustice will be done. Semler v. Oertwig, 234 Iowa 233, 253, 254, 12 N.W.2d 265, 275.

■ "* * * This does not mean, and we have never said, such discretion, broad though it may be, is unlimited, that it can be arbitrarily exercised, * * *. Rather, the discretion so vested in the court is a power to be utilized fairly and impartially by the application of relevant legal and equitable principles to *all* the known or readily available facts of a given issue or cause, to the end justice may be more nearly effectuated." Cogley v. Hy Vee Food Stores, Inc., 257 Iowa 1381, 1386, 137 N.W.2d 310, 312, citing Best v. Yerkes, 247 Iowa 800, 810–816, 77 N.W.2d 23, 29–33, 60 A. L. R.2d 1354.

It might well be argued that plaintiffs, not being present nor represented at the assignment of cases, in the exercise of due diligence should have filed their motion at the commencement of the October term. They were then aware of counsel's other commitments.

Rule 181.3(b), R. C. P., provides:

"Of conflicting engagements and termination thereof. When a case assigned for trial is reached and an attorney of record therein is then actually engaged in a trial in another court, it shall be his duty to so inform the court who may hold the trial of such case in abeyance until the engagement is concluded. As soon as the attorney is free from such engagement it shall be his duty to notify the court immediately and stand ready to proceed with trial of the case."

Although the case was not put in the assignment, the October term was the try-or-dismiss term. Plaintiffs' counsel did not contact either the court or opposing counsel until December 6th and 23rd respectively.

The trial court's findings of fact state: "At the time of said hearing on September 3, 1965, Mr. Fenton agreed with the court and defendants' counsel that the case would be disposed of during the October term, and if not so disposed of, it should stand dismissed at the end of this term."

This finding is based on a statement contained in Judge Farber's ruling on the September 3 hearing which also noted it did not appear plaintiffs had used due diligence in bringing the case on for trial at the March 1965 term. As previously stated, Judge Farber found, "However, in the interest of justice * * * the court believes the case should be continued * * *".

The trial court was confronted with the grant of a continuance on September 9, in the interest of justice, to the October term with the stipulation of plaintiffs' counsel that the case would be then tried or disposed of or stand dismissed at the end of the term and a previous finding that plaintiffs had not used due diligence to bring the case on in the March term.

No effort was made to dispose of the case during the October term until at least December 6 and then at a time when counsel was engaged in other legal matters. The allegation contained in paragraph three of the December 14 motion "that plaintiff is ready to proceed with the trial of this case at this time" cannot be sustained in view of counsel's other legal matters.

We agree with the trial court's finding that the evidence failed to sustain plaintiffs' allegation that due diligence to prosecute the case had been exercised.

V. The affidavit of plaintiffs' counsel with reference to the assignments of other legal matters, Division IV, supra, does not show that the date changes referred to were in an effort to try the present case. The statements do not contradict the trial court's finding the record entirely barren of any effort by counsel to postpone or shift other matters in order to attend to this case.

VI. We do not agree with defendants' contention in support of the trial court's ruling, that he could not have reached a contrary result. Defendants contend in support of this ruling that since plaintiffs failed to take any steps to set aside the September 9 order and stipulation or to be relieved therefrom,

718

they are conclusively bound thereby and, in effect, the court was without discretion to reach a contrary result.

We believe the matter of granting a continuance under this record was still addressed to the court's sound legal discretion.

However, defendants contend in the alternative that plaintiffs failed to present adequate grounds. The trial court concluded no basis had been shown to relieve plaintiffs of the stipulation and agreement of their counsel on September 3 or from the effect of the September 9 order based thereon.

Defendants argue that this express order and stipulation greatly differ from one where a party properly moves for continuance under rule 182, R. C. P.; it is not a question of forcing a dismissal on plaintiffs because of denial of their motion for continuance but of enforcing the order and stipulation which required dismissal if the case was not tried or otherwise disposed of in the October term.

We believe there is merit in this contention. Ordinarily, we prefer that controversies be determined on their merits, but from the record here we cannot say the grounds for continuance were such that enforcement of the September 9 order and stipulation amounted to an abuse of the court's discretion.

VII. As previously noted, Mrs. English's deposition was taken October 8. There is some disagreement as to who was to make arrangements for the taking of her doctors' depositions after plaintiffs had determined from reading the transcript whom they would use in connection with the case. In any event, plaintiffs' counsel had not read Mrs. English's deposition at the time of hearing and had not definitely determined whether he wished to depose any doctors. Plaintiffs' final contention that defendants' counsel had been guilty of negligence and delay in not taking these depositions is without merit.

Denial of the motion for continuance and dismissal of the case is—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.