**A. B. CROUCH and Robert Taylor, Appellees,**

v.

**Howard RANDOLPH, Appellant.**

**Howard RANDOLPH, Cross-Petitioner-Appellant,**

v.

**Henry RANDOLPH and Ann Shackelford, Defendants to Cross-Petition Appellees,**

v.

**Vicki RANDOLPH, Intervenor-Appellee.**

**No. 55746.**

Supreme Court of Iowa.

Dec. 19, 1973.

John Donahey, Panora, and Peter E. Marchetti of Nelson, Harding, Marchetti, Leonard & Tate, Omaha, Neb., for appellant and cross-petitioner-appellant.

Lawyer, Lawyer & Dunn, Des Moines, for appellee.

R. E. Feilmeyer, Guthrie Center, for defendants to cross-petition appellees.

Louis & Moore, Harlan, for intervenor-appellee.

Heard before MOORE, C. J., and MASON, REYNOLDSON, HARRIS and McCORMICK, JJ.

MASON, Justice.

This is an appeal by Harold Randolph, defendant and cross-petitioner, from an order of the trial court denying his motion for continuance seeking retention of the case on the docket to avoid dismissal for want of prosecution.

A. B. Crouch and Robert Taylor, both licensed attorneys at law, instituted a law action to recover from defendant Howard Randolph, father by adoption of two minor daughters, for legal services and counseling purportedly furnished the two minor girls.

In the early part of 1965 Crouch and the law firm he was then associated with had represented Lillian Randolph, natural mother of Wendy and Vicki Randolph, in a domestic problem with Howard Randolph. May 2, 1965, Mrs. Randolph mysteriously disappeared and she was found dead May 11 in Des Moines.

Crouch and Taylor performed legal services and furnished legal advice to the girls pertaining to their custody and support after the death of their mother. Both plain-

tiffs allege their services were a necessity in view of the relationship that existed between the minors and their adoptive father.

Defendant refused to compensate plaintiffs for their services and on April 15, 1966, they filed a petition in the Guthrie district court in two divisions. In one division Crouch sought the reasonable value of his services and reimbursement for money advanced; in division 2 Taylor asked for attorney fees for services rendered defendant's minor daughters.

July 5, 1967, defendant filed answer and in a separate division asserted a counterclaim against Crouch for alienating the affections of his adopted daughters. April 5, 1968 plaintiffs responded to defendant's answer and Crouch to the counterclaim.

August 15, 1969, the clerk of the Guthrie district court gave notice to the attorneys of record that pursuant to rule 215.1, Rules of Civil Procedure, the case would be subject to dismissal if not tried prior to January 1, 1970.

December 8, 1969, defendant's present attorney entered his appearance as counsel for defendant. That day defendant filed cross-petition against parties not involved in this appeal and a petition of intervention as conservator of Vicki and Wendy asking that plaintiffs' petition be dismissed.

December 22, 1969, after defendant's former attorneys withdrew their appearance, Randolph moved the court to continue the case until the first calendar quarter of 1970 for trial. Plaintiffs resisted the motion but on March 25, 1970, the court directed the case be continued "subject to the conditions that it be tried in the second quarter of court in 1970 or shall stand dismissed."

June 3, 1970, defendant filed an application to produce attorneys' work product and for production of books and papers. June 8 he filed application to have the case assigned for trial in the second quarter of 1970. Both applications were continued to a future date to be fixed by order of court.

November 19 defendant's application for production of attorneys' work product and for books and papers was overruled. There was no order properly continuing the case.

Defendant's application of December 15, 1970, to this court for permission to take an interlocutory appeal from the court's ruling on the foregoing application was denied January 7, 1971.

Some time before defendant had filed application for authority to take an interlocutory appeal, the clerk of the Guthrie district court had sent the attorneys for the parties notice dated August 15, 1970, that the case would be subject to dismissal under rule 215.1, R.C.P., if it were not tried prior to January 1, 1971. November 11, 1971, Vicki Randolph filed petition of intervention seeking dismissal of plaintiffs' petition.

December 23, 1971, defendant moved for another continuance of the case until the first calendar quarter of 1972. Plaintiffs resisted the motion, a hearing was held on the motion and the court entered its order February 28, 1972. A motion for reconsideration was filed March 6, 1972.

The trial court entered its final rulings on March 17, 1972, wherein it denied defendant's motion for continuance and reconsideration, and dismissed the case.

Thus, pleadings and motions filed by the parties extended over a period of nearly six years.

Defendant's four assignments of error challenge these determinations. He contends the court erred: (1) in denying defendant cross-petitioner's motion for continuance and a continuance should have been granted so the case could be tried on the merits; (2) in denying defendant cross-petitioner's motion for reconsideration and the court should have reconsidered said matter and assigned it for trial; and (3) in entering a judgment of dismissal as the court does not have inherent power to dismiss a case under the facts and circumstances herein. In his fourth

assignment defendant asserts the attempted dismissal by the court is erroneous and an abuse of discretion.

I. Defendant elects to argue the foregoing assignments together inasmuch as they are interrelated.

He insists rule 215.1, R.C.P., is the exclusive rule for dismissal of cases for want of prosecution and since no notice under the rule had been given prior to August 15, 1970, the cause of action should have been continued so it could be tried on its merits. He further argues a court does not have inherent power to dismiss a case under the facts and circumstances presented here and the attempted dismissal was an abuse of discretion.

The relevant portions of the December 23, 1971, motion for continuance previously referred to are as follows:

"Par. 1. That on or about November 15, 1971 Vicki Randolph filed a Petition of Intervention herein.

"Par. 2. That the above case was filed on or about April 15, 1966, that trial has not been completed and under the Rules of Civil Procedure might be subject to dismissal January 1, 1972.

"Par. 3. That Howard Randolph, Defendant and Cross-Petitioner, states that the cause of action should be continued to the next term of the above named Court for trial so the case can be tried on the merits by all parties hereto."

Defendant asked that the motion be set for hearing, notice prescribed and on hearing the case be continued to the first calendar quarter of 1972 for trial.

December 28, 1971, plaintiffs filed the following resistance:

"1. For response to Par. 1 of said Motion, your Plaintiffs admit that on or about November 15, 1971, one Vicki Randolph filed a purported Petition of Intervention herein; your Plaintiffs further state the said instrument has no relevance nor materiality to any issue in this cause.

"2. For response to Par. 2 of said Motion, your Plaintiffs admit the filing date pleaded by Defendant Randolph; further stating that said cause has now been dismissed by operation of law and as provided in RCP 215.1.

"3. Par. 3 of said Motion is denied in its entirety.

"4. For further answer to said Motion for Continuance, Plaintiffs state that on or about March 25, 1970, this Court entered an Order whereby this cause was continued at that time subject expressly to the condition that this case be tried in the second quarter of 1970 or stand dismissed; further that notice was given all parties in interest prior to August 15, 1970, pursuant to RCP 215.1 and nothing further has been done herein by either Plaintiffs or Defendants. See Johnson vs. Lindquist, [Iowa] 184 N.W.2d 681."

Plaintiffs asked that defendant's motion be overruled since the case had been dismissed by operation of law under rule 215.-1, R.C.P.

January 4, 1972, defendant replied to the resistance alleging:

"Par. 1. Plaintiffs allege that the Petition of Intervention filed November 15, 1971 by Vicki Randolph has no relevance nor materiality to any issue in this cause, which allegation Defendant and Cross-Petitioner hereby denies.

"Par. 2. That he denies the allegations of Par. 2.

"Par. 3. As to Par. 4, Defendant and Cross-Petitioner states that there have been numerous proceedings herein since the Order of Court of March 25, 1970 directing trial in the second quarter of 1970, that included in subsequent proceedings were a Motion For Continuance filed by Plaintiffs July 10, 1970, a Ruling of Court on November 19, 1970 on an application to produce attorneys' work product and pro-

duction of books and papers, and an Interlocutory Appeal to the Supreme Court of Iowa filed December 15, 1970 which was not ruled on until January 7, 1971."

Defendant renewed his motion for continuance of the case for trial on its merits.

The contentions urged in the trial court by the parties to this appeal are thus set forth in the foregoing quoted portions of the motion, resistance and reply.

We point out defendant's motion of December 23, 1971, was not one for reinstatement of the case under the 1965 amendment to rule 215.1, R.C.P., which added as a last paragraph to the rule: "The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal." See Rath v. Sholty, 199 N.W.2d 333, 335 (Iowa 1972).

Nor does this record present a factual situation where the trial court attempted to dismiss an action on its own initiative. See Motz v. Motz, 207 N.W.2d 580 (Iowa 1973).

In its March 17, 1972 order the trial court here held the case was not automatically dismissed under rule 215.1, R.C.P., by the 1970 notice since it was unable to determine whether the try-or-dismiss notice was mailed or delivered by the clerk prior to August 15 as required by the rule. See Schmidt v. Abbott, 261 Iowa 886, 889–890, 156 N.W.2d 649, 651. Rather, the court based its ruling denying continuance on its inherent power to control its work load and the fact defendant's motion for continuance did not meet the test of rule 183(a), R.C.P.

In support of his contention set out at the beginning of this division defendant relies primarily on Seela v. Haye, 256 Iowa 606, 128 N.W.2d 279. In the cited case the trial court dismissed plaintiff's case as

stale under a local rule of what was then the fourteenth judicial district dealing with the dismissal of cases for want of prosecution which had been in effect since 1923. Plaintiff appealed.

This court set out the issue on appeal in this language:

"Does Rule 215.1, R.C.P., 58 I.C.A., entitled 'Uniform rule for dismissal for want of prosecution' constitute the sole method for disposal of stagnant cases, thereby superseding local court rules, in effect prior to the enactment of such rule? This is the issue presented by this appeal." Id. 256 Iowa at 607, 128 N.W.2d at 279.

In the course of its opinion reversing and remanding the cause for further proceedings the court said:

"We think rule 215.1, R.C.P., constitutes the sole method for dismissing a case for want of prosecution, thus eliminating any and all prior local court rules upon this proposition.

"* * *

"In view of the wording of rule 215.1, and the above pronouncements of this court relative thereto, we hold that rule 215.1 constitutes the sole method under which a cause may be dismissed for want of prosecution; and that it eliminated all local court rules of the various district courts of this state which were operative prior to July 4, 1961." Id. 256 Iowa at 609–610, 128 N.W.2d at 280–281.

It is our view Seela does not reach the question before us. That case simply holds local rules for dismissing cases for want of prosecution have been eliminated and no longer apply since adoption of rule 215.1, R.C.P. In the case before us no local rule dealing with dismissal of cases for want of prosecution is involved.

The present case was continued on defendant's December 22, 1969, application to the second calendar quarter of the Guthrie district court subject to the condition it be then tried or stand dismissed.

As indicated, a try-or-dismiss notice dated August 15, 1969, was mailed or delivered by the Guthrie County Clerk *on* August 15, 1969, to all attorneys of record. In the application for continuance just referred to defendant alleged the giving of the August 15 notice to the attorneys for defendant but asserted the notice was not effective since it was not given prior to. August 15. He further asserted his present attorney had not had time or opportunity to adequately prepare for trial. Defendant asked that the application be set for hearing, notice prescribed and the case be continued to the first calendar quarter for trial.

March 25, 1970, almost four years after the filing of the petition, the court entered the following order as shown by the copy of the calendar entry mailed to defendant's attorney:

"The Court hereby sustains the application of defendant, Howard Randolph, for continuation of this cause for trial. The Court feels that the withdrawal of Counsel on Dec. 22, 1969, and the application for continuance prior to Dec. 31, 1969, coupled with the recent pleadings and answers to interrogatories constitute sufficient grounds for continuance or reinstatement of the case for trial, and also that the Clerk's certificate fails to show service of the notice before Aug. 15, 1969. This case is continued and re-instated, subject to the conditions that it be tried in the second quarter of Court in 1970 or shall stand dismissed."

Plaintiffs in written argument point to this "try-or-dismiss" order in support of their contention that the case was properly dismissed by the trial court. They had asserted this position in the trial court as shown by the resistance set out in full, supra.

Some amplification of the chronological history of the pleadings and motions filed by the parties is necessary for a proper understanding of the question before the court.

Defendant's ex parte application of June 8, 1970, to have the case assigned for trial during the second calendar quarter of 1970 was continued to a future date to be fixed by the court. June 18, 1970, Crouch filed application for hearing on defendant's motion to produce attorneys' work product and for production of books and papers. July 10 plaintiffs filed motion for a continuance of the hearing on this matter. It appears from the record hearing was had on defendant's motion September 11. The court's order denying the motion was entered November 19. However, the order made no provision for continuing the case for later trial insofar as shown by the record. As a matter of fact, at no point in his application of June 8, 1970, for assignment for trial did defendant request a continuance beyond the second quarter of court for 1970.

Although plaintiffs concede the August 15, 1969, try-or-dismiss notice was defective, they argue the case was under a try-or-dismiss order since March 25, 1970. Following plaintiffs' argument it would logically lead to the conclusion that even though the order on defendant's application for assignment for trial had the effect of extending the try-or-dismiss order of March 25, 1970, to a future indefinite date, defendant's failure to have the court include in its order of November 19, 1970, a provision extending the time for trial beyond the second quarter of 1970 entitled plaintiffs to a dismissal of the case.

Defendant responds to this contention in his reply brief by insisting a proper notice under rule 215.1 was essential before the present case could be dismissed. He further maintains the requirements of rule 183(a), R.C.P., were not applicable. It is questionable whether defendant raised this contention in the trial court. Certainly, he did not assert it directly or indirectly in the December 23, 1971, application for continuance which is set out fully earlier in this opinion. Moreover, as plaintiffs point out, defendant urged and relied upon the try-or-dismiss order of March 25, 1970, as grounds for his second continuance in June 1970.

McKinney v. Hirstine, 257 Iowa 395, 131 N.W.2d 823 does not quite reach our question. In *McKinney* the notice under rule 215.1 was sent by the clerk to all counsel of record *on* August 15. However, to question was raised in that case, as there is here, as to the notice under rule 215.1 being defective since it was not sent prior to August 15.

We are not concerned with the effect of the 1970 notice under rule 215.1.

We repeat this is not a situation where the trial court attempted to dismiss an action on its own initiative under the theory it has inherent power to control its work load.

In light of the record we are convinced this case presents one for the exercise of the trial court's discretion under rule 183(a) which provides that "a continuance may be allowed for any cause not growing out of the fault or negligence of the applicant, which satisfies the court that substantial justice will be more nearly obtained. * * *."

The following statements of law are appropriate:

"Under this rule the matter of a continuance is addressed to the sound legal discretion of the court. This power to grant or refuse a continuance presupposes exercise of a sound judicial discretion to the end that so far as possible no injustice will be done. Semler v. Oertwig, 234 Iowa 233, 253–254, 12 N.W.2d 265, 275.

" '* * * This does not mean, and we have never said, such discretion, broad though it may be, is unlimited, that it can be arbitrarily exercised, * * *. Rather, the discretion so vested in the court is a power to be utilized fairly and impartially by the application of relevant legal and equitable principles to *all* the known or readily available facts of a given issue or cause, to the end justice may be more nearly effectuated.' * * * [citing authorities]." (Emphasis in the original). English v. Seberg, 260 Iowa 708, 716, 150 N.W.2d 295, 299–300.

In reaching the conclusion that the trial court did not err in denying defendant's motion for continuance we have considered each of defendant's assignments of error and his contentions urged under the brief points set forth in his written brief and argument whether specifically referred to or not.

The case is therefore

Affirmed.

MOORE, C. J., and HARRIS and Mc-CORMICK, JJ., concur.

REYNOLDSON, J., dissents.

REYNOLDSON, Justice (dissenting).

Until now I supposed rule 215.1, Rules of Civil Procedure, constituted the sole method for dismissing a case for want of prosecution. It had the meritorious purpose of abolishing inconsistent local rules and providing a state-wide rule upon which every lawyer could rely. See Seela v. Haye, 256 Iowa 606, 128 N.W.2d 279 (1964); Windus v. Great Plains Gas, 255 Iowa 587, 122 N.W.2d 901 (1963). It is unfortunate the deplorable facts of this case caused the majority to turn back the clock.