John K. CLARK, as Administrator of the Estate of Margaret Marie Clark, Deceased, Plaintiff–Appellant,

v.

SISTERS OF MERCY HEALTH CORPORATION, a Michigan Corporation, d/b/a St. Joseph Mercy Hospital, Clinton, Iowa; and Michael H. Vruno, M.D., Defendants,

and

Celia Sims, Defendant–Appellee.

No. 89–175.

Court of Appeals of Iowa.

April 24, 1990.

Larry L. Shepler, Davenport, for plaintiff-appellant.

Robert M. Bertsch, of O'Connor & Thomas, P.C., Dubuque, for defendant-appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ., but considered en banc.

SACKETT, Judge.

We need to determine whether the trial court abused its discretion in dismissing plaintiff's medical malpractice case. We find no abuse of discretion. We affirm.

In 1985 appellant John K. Clark, as Administrator of the Estate of Margaret Marie Clark, filed a medical malpractice case against defendants Sisters of Mercy Health Corporation and Michael H. Vruno. Plaintiff contended the defendants were responsible for the death of decedent, Margaret Clark. These defendants were granted summary judgment in 1988 because of plaintiff's failure to comply with discovery orders. They are not parties to this appeal.

Defendant-appellee Celia Sims was named a party when plaintiff was granted permission, in May 1986, to amend his petition to name Sims as a defendant.

This appeal follows the trial court's order granting a motion to dismiss filed by defendant Sims. Sims's motion was filed on October 17, 1988. It sought dismissal because of claims that plaintiff did not comply with an order compelling discovery and with requirements of Iowa Rule of Civil Procedure 215.1. The motion to dismiss was resisted by plaintiff. On December 30, 1988, the trial court sustained the motion on the following grounds:

1. Failure of the Plaintiff to comply with the Order of this Court entered on July 22, 1988 requiring the Plaintiff to file on or before September 15, 1988 either (a) a Trial Certificate; or (b) a motion for relief from Rule of Civil Procedure 215.1.

2. Failure of the Plaintiff to comply with the Order of this Court entered on October 3, 1988 requiring Plaintiff to file Answers to this Defendant's Interrogatories not later than October 12, 1988.

I. The July 22, 1988, Order

■ The plaintiff first contends the failure to comply with the July 22, 1988, order cannot be grounds for dismissal, or if the failure to comply is grounds for dismissal, he complied with the rule. We find the case should not be dismissed for failure to comply with the order. We therefore need not address plaintiff's contention that he did comply.

The July 22, 1988, order was a general order entered by the chief judge of the seventh district. The order provided as follows:

The Court has taken note of the substantial number of cases subject to being dismissed as being on file more than 18 months and concludes that a procedure should be established to provide an orderly process for getting these cases to trial this calendar year.

NOW THEREFORE IT IS ORDERED that any party wanting relief from a case being stricken on January 1, 1989 pursuant to I.R.C.P. 215.1, must file on or before September 15, 1988 either:

1.) A Trial Certificate, (initiates Trial Setting Conf.), or,

2.) A Motion for Relief from Rule 215.1 containing a recitation of facts as to why a Trial Certificate cannot be filed or showing other grounds for relief. At the time the motion is filed, the movant must also file an order setting the motion for oral argument.

A subsequent order as a result of a Court scheduled Trial Setting Conference or the hearing on the Motion for Relief will either set trial within this calendar year or continue the case past December 31.

The order was entered without notice to the plaintiff. There is no showing the order ever was mailed or made available to plaintiff or his attorney. The order was not a part of the trial court file in this proceeding. It has, however, been included in the appendix.

The order was an attempt by the chief judge of the district court to establish more stringent requirements for continuance of a case subject to dismissal under Iowa

Code section 215.1 than provided in the Iowa Rules of Civil Procedure.

Iowa Rule of Civil Procedure 215.1 constitutes the sole method for dismissing a case for want of prosecution. *Seela v. Haye*, 256 Iowa 606, 609, 128 N.W.2d 279, 280 (1964). Its adoption was determined to eliminate any and all prior local court rules upon this proposition. *Id.*, 128 N.W.2d at 280. It was intended to make the dismissal practice uniform throughout the state. *Id.*, 128 N.W.2d at 280; *see Talbot v. Talbot*, 255 Iowa 337, 341, 122 N.W.2d 456, 459 (1963). Rule 215.1 was meant to eliminate the problem of attorneys who practice in several districts having to comply with different dismissal rules in each judicial district, *Seela*, 256 Iowa at 609–10, 128 N.W.2d at 280, and to let attorneys know the rule is the same statewide. *Id.*, 128 N.W.2d at 280. No substantial departure from the rule can be permitted and still have the rule remain effective. *Id.*, 128 N.W.2d at 280 (quoting *Talbot*, 255 Iowa at 340, 122 N.W.2d at 458). The rule constitutes the sole method of dismissal for want of prosecution. *Seela*, 256 Iowa at 610, 128 N.W.2d at 280.

The July 22, 1988, order departs from the rule. It requires a motion for continuance to be filed earlier than required by the rule. The July 22 order further seeks to limit and predefine the situations in which a trial court can order a continuance. Rule 215.1 allows the trial court to continue a case upon a finding of grounds for continuance or satisfactory reasons for want of prosecution. The trial court judge makes a finding of whether or not there is a satisfactory reason after hearing the reasons in each case. The chief judge has no authority to limit or predefine the situations in which a trial judge can continue a case. We agree with plaintiff, the failure to comply with the July 22, 1988, order was not a ground for dismissal.

II. Failure to Answer Interrogatories

▆ The next contention is the case should not have been dismissed for failure to file answers to interrogatories. We will reverse a trial court's imposition of discovery sanctions only when there has been

an abuse of discretion. *Kendall/Hunt Publishing Co. v. Rowe*, 424 N.W.2d 235, 240 (Iowa 1988). The discretion, however, is narrow when the sanction is dismissal or default. *Id.*

Before the district court can apply either dismissal or default, there must be a finding that any refusal to comply with a discovery request was the result of willfulness, fault, or bad faith. *Id.* Usually, such a sanction is limited to a situation in which a party has violated a court order. *Id.*

The plaintiff did not answer the interrogatories within the time specified by court order. When the answers were filed, they were not verified as required. Additionally, nearly two years had transpired from when appellee was brought into the suit and served with an original notice of suit. The case was dismissed the day before it would have been automatically dismissed under Rule 215.1. No valid reason was shown for these delays. These reasons collectively support the dismissal.

AFFIRMED.

All Judges concur except DONIELSON and HABHAB, JJ., who concur in part and dissent in part.

DONIELSON, Judge (concurring in part; dissenting in part).

I concur with Division II of the majority's opinion. I dissent from the result reached in Division I of the opinion.

The motion to dismiss filed by defendant Sims specifically alleged plaintiff's failure to comply with the July 22, 1988, court order warranted dismissal of the case. However, plaintiff's resistance to the motion made no reference to the July 22nd order, but, instead, referred to its compliance with a July 15th court order.

Plaintiff's resistance never challenged the July 22nd order by claiming it was not sent to plaintiff or filed by the court as part of the case file. Furthermore, plaintiff's resistance never challenged the

court's authority to restrict rule 215.1 applications for continuing a case.

Since plaintiff raised none of these claims in his resistance, I would find them waived on appeal. I would not reach the substantial rule 215.1 issues addressed by the majority.

Plaintiff effectively filed no resistance to defendant's motion to dismiss based on noncompliance with the July 22nd order. I would find no error in dismissing the case under these circumstances.

HABHAB, J., joins this partial concurrence and dissent.