Edward A. SCHMIDT, Appellant,

v.

Rex L. ABBOTT, Appellee.

No. 52586.

Supreme Court of Iowa.

Feb. 6, 1968.

Wilson, Zohn & Yost, Des Moines, for appellant.

Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellee.

RAWLINGS, Justice.

Plaintiff's petition pursuant to rules 252–253, R.C.P., for reinstatement of his law action, previously dismissed under rule 215.1, R.C.P., was heard and relief denied by the trial court. He appeals. We reverse.

January 17, 1963, plaintiff filed a petition in Polk District Court seeking damages from defendant as result of an automobile collision. From that month through December of the same year he was intermittently hospitalized or confined to home because of heart ailment and amputation of a leg.

August 17, 1964, the Clerk of Polk District Court mailed what has come to be known as "try or dismiss" notices to attorneys of record. See rule 215.1, R.C.P.

Counsel for plaintiff contend such notice as to plaintiff's case was never received, that had it been delivered a motion for continuance was in order and would have been timely filed.

November 4, 1964, the clerk dismissed plaintiff's case. Judgment for costs was

accordingly entered. January 23, 1965, he received a communication from the clerk advising him as to entry of judgment. That information was immediately communicated to plaintiff's attorneys. They state this was the first notice received relative to dismissal of the action.

October 28, 1965, a petition was filed on plaintiff's behalf, (rules 252–253, R.C.P.), to vacate the dismissal order and judgment. Defendant resisted. Trial to the court resulted in an order dismissing the petition.

The appeal presents one broad question: Did the trial court err in dismissing plaintiff's petition to vacate the order and judgment entered in his case?

I. We deem it unnecessary to unduly belabor the issue presented.

Dealing with those portions of rule 215.1 here material, this court said in Talbot v. Talbot, 255 Iowa 337, 339–340, 122 N.W.2d 456, 458: "When a cause has been noted for trial pursuant to rule 215.1 and due notice is served by the clerk, the trial court has no power to grant a continuance of the matter, except on application, notice and hearing to all parties, unless the same is by stipulation, and then only by an order made of record in the cause. (Authorities cited). * * *

"The rule then is applied to all cases at law or in equity, and places upon the clerk a duty as follows: 'All cases at law or in equity where *the petition* has been filed more than one year prior to July 15 of any year *shall be for trial* at the next term commencing after August 15 of said year. The clerk shall prior to August 15 give notice to counsel of record as provided in rule 82 of: (a) the docket number, (b) the names of parties, (c) counsel appearing, (d) date of filing petition, and the notice *shall state that such case will be for trial* and subject to dismissal if not tried in the next succeeding term pursuant to this rule.' (Emphasis supplied.)

"It then goes on to provide: 'All such cases *shall* be assigned and tried or dismissed without prejudice at plaintiff's costs *unless* satisfactory reasons for want of prosecution or grounds for continuance be shown *by application and ruling thereon after notice and not ex parte.*' (Emphasis supplied.)

"The rule is then made inapplicable to certain matters not relative to the case at bar and concludes: 'No continuance under this rule shall be by stipulation of parties *alone* but *must be by order of court.* Where appropriate the order of continuance shall be to a date or term certain.' (Emphasis supplied.)

"As stated in the recent case of Windus v. Great Plains Gas, these terms are positive and definite and the rule clearly mandatory. No substantial departure therefrom can be permitted and have the rule effective. 'The operation of the rule is not discretionary with the trial court.' Windus v. Great Plains Gas, supra, 254 Iowa 114, 123, 116 N.W.2d 410, 415, and authorities cited." See also Baty v. City of West Des Moines, 259 Iowa 1017, 147 N.W.2d 204, 208, and Seela v. Haye, 256 Iowa 606, 610, 128 N.W.2d 279.

■ From the foregoing it is self-evident we have held the provisions of rule 215.1 are mandatory as to trial courts and strictly construed in their application to litigants.

Reduced to bare essentials the question now posed is whether duties imposed by the rule upon clerks of trial courts relative to time of notice to be given are equally mandatory.

In this regard we are satisfied it would be less than logical or just to hold as we have in connection with duties and rights of courts and litigants, then apply a different rule with reference to responsibilities imposed upon clerks of the same courts relative to mailing or delivery of "try or dismiss" notices.

It is our conclusion rule 215.1 imposes a mandatory duty upon clerks of trial courts to give notice by mail or delivery as rule 82 provides *prior* to August 15.

II. But this conclusion need not rest upon abstract logic and justice alone.

As previously disclosed, rule 215.1 specifically provides: *"The clerk shall prior to August 15 give notice to counsel of record * * * ."*

The salient term employed in the quoted portion of rule 215.1, is that the clerk *shall prior to August 15* give the required notice.

When addressed to a public official the word "shall" is ordinarily mandatory, excluding the idea of permissiveness or discretion. Hanson v. Henderson, 244 Iowa 650, 665, 56 N.W.2d 59. Surely it is as mandatorily positive and definite when applied to court clerks as when used with reference to all others designated.

This view is accorded additional support by the fact court clerks are required to give the specified notice *"prior to* August 15." And the term "prior to", as here employed, means earlier in time, before or preceding. It is the opposite of on or after, later than, or subsequent to. See Black's Law Dictionary, Fourth Ed., pages 1357 and 83.

Incidentally, should August 15 fall on a Sunday or holiday, the notices are to be issued before that date precluding any possible application of Code section 4.1(23) or rule 366, R.C.P.

III. Pursuing the matter one more step, rule 252 provides, inter alia: "Upon timely petition and notice under rule 253 the court may correct, vacate or modify a final judgment or order, or grant a new trial on any of the following grounds:

"(a) Mistake, neglect or omission of the clerk;"

With little or no question any "try or dismiss" notice issued by the Clerk of Polk District Court relative to plaintiff's case was *not* mailed *prior to August 15.*

Furthermore, timeliness of filing the petition to vacate is not here questioned.

Under these circumstances we conclude, (1) In the matter of giving timely notice the Clerk of Polk District Court did not comply with the mandatory provisions of rule 215.1, R.C.P.; (2) failure on the part of this official to act in accord with that requirement stands as a mistake, neglect or omission under rule 252(a); (3) the trial court erred, as a matter of law, in not vacating the order dismissing plaintiff's case, and not setting aside the judgment for costs entered against him.

Reversed and remanded for entry of order and decree consistent with this opinion.

All Justices concur.