**Arlo KIERTZNER, Appellee,**

v.

**Ronald EHRP and Marion Ehrp, Appellants.**

**No. 2–56043.**

Supreme Court of Iowa.

May 22, 1974.

W. B. Perry, Storm Lake, and O'Brien, Galvin & O'Brien, Sioux City, for appellee.

Heard by MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and McCORMICK, JJ.

REES, Justice.

This is a permissive interlocutory appeal involving the interpretation of rule 215.1, Rules of Civil Procedure. The appeal is taken from an order of the trial court reinstating the case after a purported dismissal under the above cited rule.

The accident which provides the basis for the action occurred February 6, 1963 and plaintiff's petition was filed on December 30, 1964. Plaintiff was initially represented by Attorneys Smith and Rosene of Sioux City. An answer was filed on January 18, 1965, and defendant conducted discovery proceedings from February 1, 1965 to March 16, 1965.

An amended and substituted petition was filed by plaintiff on November 30, 1965, which was answered by defendants on December 9, 1965. Apparently a preliminary notice of dismissal under rule 215.1, R.C.P. was forwarded to counsel for all parties in 1966, and a mutual application of the parties for continuance to avoid dismissal under the rule resulted in an order on September 18, 1966, taking the case out of the application of the rule.

On August 22, 1967 the clerk of the district court of Sac County mailed a standard rule 215.1 notice to Attorneys Smith and Rosene of Sioux City, and Mack, Mack and Hansen of Storm Lake. However, it appears that the application resulting in the September 18, 1966 order was signed by Attorney William B. Perry of Storm Lake representing the plaintiff. Obviously, the 1967 notice was not timely, and did not result in a dismissal. The record does not indicate any notice of dismissal under the rule in 1968.

Mack, Hansen & Gadd, Storm Lake, for appellants.

The clerk of the Sac County court testified at the hearing which resulted in the order appealed from here that on July 11, 1969, a notice under rule 215.1 was forwarded to counsel in the case, although she further testified she had no personal independent recollection of mailing the 1969 notice to Attorney Perry who then represented plaintiff. She further testified she had mailed a copy of the notice to Attorneys Johannsen, Mohr and Clemens of Sioux City. Although there was no indication the latter firm represented any party to a litigation, the clerk testified the notice was sent to the latter firm due to the fact they had inquired by letter addressed to the clerk about the status of the case. At no time had the attorneys who represented plaintiff initially withdrawn their representation of the plaintiff by any writing filed in the office of the clerk.

On December 23, 1969 the calendar sheet in the case which bore a stamp dated December 23, 1969 and which provided, "Dismissal without prejudice for want of prosecution and judgment is hereby entered against Plaintiff for $71.50 costs." was handed to then Judge David Harris, who signed the calendar sheet order. While it is not pertinent to our determination of this appeal, it is to be noted that the order of December 23, 1969 was some eight days prior to the end of the calendar year and the terminal date of the then current term of court in Sac County.

Copies of the calendar entry of December 23 were mailed by the clerk of the district court to Attorney Perry of Storm Lake, to Mack, Mack and Hansen of Storm Lake, attorneys for the defendant, and to the Sioux City law firm above mentioned. Such mailing was accomplished on January 9, 1970 and advised all counsel of the entry of the order of dismissal by Judge Harris.

An application signed by Attorney Perry to set aside the order of dismissal and for reinstatement of the cause and assignment for trial was filed in the office of the clerk of Sac County. There is some confusion as to the exact date of filing, but it occurred either on June 26 or June 29, 1970. In said application, which was verified by Attorney Perry, it was represented that Mr. Perry had not received a copy of either the notice by the clerk which was required to be mailed or delivered by the clerk prior to August 15, 1969, or a copy of the order of dismissal dated December 23, 1969. In the application he asserted that due notice to counsel under R.C.P. 215.1 was mandatory and an antecedent requirement to dismissal of the cause; that the purported dismissal arose out of oversight, mistake or other reasonable cause within the contemplation of R.C.P. 215.1, and prayed that the court set aside the dismissal of the cause, reinstate the same and assign the cause for trial.

To said application to set aside the dismissal, defendants filed a special appearance and resistance. Hearing was had on July 13, 1970. The only witness appearing was the clerk of the Sac County court called by defendant.

For some inexplicable reason, over two and a half years elapsed between the date of the hearing and the filing of the court's ruling on January 11, 1973. Why the matter was kept under advisement by the trial court for such an inordinate period of time is difficult for us to understand. At the time of oral argument, counsel for both plaintiff and defendant were interrogated as to whether or not they had made any inquiry of the trial judge as to the reason for the delay in filing the ruling and both stated they had made no inquiry of the trial judge as to when a ruling would be forthcoming. Certainly the trial judge and all counsel are entitled to criticism and censure for not giving closer attention to the matter.

In the belated ruling, the trial court found that the clerk of the court was unable to state with certainty that the notice

pursuant to rule 215.1 was sent in June, July or before August 15, 1969, to the attorney for the plaintiff. The court further found that plaintiff's attorney under oath had stated no such notice was ever received by him, and that the court had no reason to doubt the statement of the attorney and reluctantly determined that in the interest of justice the case should be reinstated. Trial court thereupon overruled the special appearance and resistance of the defendants, reinstated the case and assigned the same for trial during the month of April, 1971. An order permitting defendants to take an interlocutory appeal was entered by this court on February 12, 1973. The assignment of the case for trial in the court's order of April, 1971 was, of course, of no effect as the ruling was not filed until January 11, 1973.

■ Appellants state one issue only on which they rely for reversal, namely, that trial court erred in not sustaining defendant's special appearance; that the order dismissing the cause for want of prosecution was entered December 23, 1969, and that the application to reinstate, filed on June 26, 1970 or thereafter, was not filed within six months from the entry of the order of dismissal.

I. In pertinent part, rule 215.1, R.C.P., provides:

" * * * The clerk shall prior to August 15 of each year give notice to counsel of record as provided in rule 82 of: (a) the docket number, (b) names of parties, (c) counsel appearing, (d) date of filing petition, and the notice shall state that such case will be for trial and subject to dismissal if not tried prior to January 1 of the next succeeding year pursuant to this rule. * * * "

We have said the provisions of rule 215.1 are mandatory as to trial courts and strictly construed in their application to litigants. We have also said rule 215.1 imposes a mandatory duty upon clerks of trial courts to give notice by mail or delivery in accordance with rule 82, R.C.P., prior to August 15. Schmidt v. Abbott, 261 Iowa 886, 889–890, 156 N.W.2d 649, 650–651; Seela v. Haye, 256 Iowa 606, 610, 128 N.W.2d 279, 281.

In testifying at the hearing on plaintiff's application to set aside dismissal and for reinstatement of cause, and on the special appearance and resistance to said application on the part of the defendants, the clerk of the court could not, from her records or from her independent recollection, unequivocally testify with certainty the notice required to be mailed or otherwise furnished counsel for the parties had been furnished in keeping with the requirements of the above cited portion of rule 215.1. The trial court found and noted that the practice of making a record of the sending of such notices by endorsement upon the original on file in the clerk's office was adopted since August 15, 1969. Obviously the trial court in its order reinstating the case relied upon the failure of the record to show or the failure of the clerk to testify that the notice required to be furnished parties prior to August 15 had been observed and followed. Such finding by the trial court was based on substantial evidence as disclosed by the record, and is binding upon us. Rule 344(f), R.C.P.

II. We hold, therefore, the trial court did not abuse its discretion in ordering the case reinstated, and affirm. We earnestly urge the immediate disposition of this moribund piece of litigation which has languished upon the records of Sac County for too long a time.

Affirmed.