Richard RHINER, Jr., Appellee,

v.

Marian Irene ARENDS, Appellant.

No. 63590.

Supreme Court of Iowa.

May 21, 1980.

Warren L. DeVries and Joseph R. Lapointe, Mason City, for appellant.

Ronald A. Baybayan and Walter H. Byers, Jr., Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, ALLBEE, and LARSON, JJ.

REYNOLDSON, Chief Justice.

We granted this appeal from a trial court interlocutory order which reinstated an action dismissed under rule 215.1, Iowa Rules of Civil Procedure. We now reverse and remand for dismissal.

Trial court made the following factual findings which the parties adopt in their briefs:

1. The Petition in this case was filed over three years ago on March 19, 1976, by Attorney Mike Wilson. Answer was filed on June 16, 1976. On July 9, 1976, written interrogatories were directed to the Defendant, and the same were answered within 20 days. On November 29, 1976, Defendant directed interrogatories to the Plaintiff and they were answered by Plaintiff on January 18, 1977. A Clerk's Notice under Rule 215.1 was sent on July 19, 1977, and on December 23, 1977, an Order continuing the case around a Rule 215.1 dismissal was entered upon a joint application for continuance. That Order recited that the case was continued until December 31, 1978, but the Order did not set the same for trial. The file discloses no action was taken by either side during all of calendar year 1978. No second Clerk's Notice under Rule 215.1 was given in 1978. On January 10, 1979, on its own Motion the District Court ordered the case dismissed at Plaintiff's cost finding that the case had not been tried and no order continuing the case beyond December 31, 1978, had been entered.

2. The Plaintiff's original counsel, N. B. "Mike" Wilson, was suspended from the practice of law in October of 1978. Prior to that time an attorney in his firm, James McKeon, was handling the file. It

was Mr. McKeon who signed the Stipulation for the Continuance in 1977. Mr. McKeon left Mr. Wilson's firm upon Mr. Wilson's suspension and the burden of handling Mr. Wilson's firm's cases was assumed by the Plaintiff's present counsel, Mr. Baybayan, who had been an associate of Mr. Wilson's. Mr. Baybayan made a good faith attempt to identify all the 215.1 cases which were "inherited" by him from Mr. Wilson, but this case, for some reason, escaped his attention until the Order of Dismissal of January 10, 1979, signed by Judge Stone, was received. He then made the instant Motion To Reinstate.

3. Sometime in mid 1978 the Plaintiff's attorney, Mr. McKeon, and the Defendant's counsel, Mr. DeVries, had a telephone conversation about the case but no action was taken by either side thereafter.

Following the January 10, 1979, dismissal order, plaintiff on February 19 filed a motion to reinstate the action. Defendant resisted. After a hearing the trial court ruled on May 4. While noting the lack of diligence by plaintiff's prior attorneys would preclude discretionary reinstatement, the court concluded that the clerk of court was required to give a second rule 215.1 try-or-dismiss notice prior to August 15, 1978, and this failure was·such a mistake, oversight, or reasonable cause as to require mandatory reinstatement.

On May 30 defendant filed application to appeal in advance of final judgment. We granted the application. Briefs of both parties address the question whether rule 215.1 requires a second notice during the period of a continuance granted in a case in which the try-or-dismiss sanction has been invoked by proper notice served in the prior year.

I. *Scope of review.*

The scope of our review of trial court rulings on reinstatement applications was examined extensively in *Rath v. Sholty*, 199 N.W.2d 333 (Iowa 1972), followed by *Wharff v. Iowa Methodist Hospital*, 219 N.W.2d 18 (Iowa 1974). While the basic policy in rule 215.1 reinstatement applications is to use a liberal approach in order to allow trial on the merits, *Rath*, 199 N.W.2d at 337, that principle has been limited to the concept of "*expeditious* trials on the merits, *under settled rules of procedure.*" *Wharff*, 219 N.W.2d at 22, *quoting from Windus v. Great Plains Gas*, 255 Iowa 587, 600, 122 N.W.2d 901, 909 (1963) (emphasis in the original).

Our analysis must he guided by the goal expressed in rule 215.1 that "[i]t is the declared policy that in the exercise of reasonable diligence every civil and special action, except under unusual circumstances, shall be brought to issue and tried within one year from the date it is filed and docketed and in most instances within a shorter time."

In this case neither the plaintiff's application in district court nor his brief in this court invokes trial court's discretionary power to reinstate. *See Johnson v. Linquist*, 184 N.W.2d 681, 683 (Iowa 1971). Rather, plaintiff apparently contends he is entitled to mandatory reinstatement because the record discloses the dismissal was the result of oversight, mistake, or other reasonable cause in that (1) the clerk of court erroneously failed to serve the second try-or-dismiss notice and, alternatively, (2) his case was mishandled due to the unusual circumstances relating to his attorneys.

Trial court's factual findings are reviewed as in a law proceeding, *Rath*, 199 N.W.2d at 336, and in any event are uncontested here. Its determination whether those findings constitute "oversight, mistake or other reasonable cause" as required by rule 215.1 is a question of law which is not conclusive on appeal. *Id.*

■ Trial court concluded that the circumstances relating to plaintiff's lawyers did not meet the rule 215.1 test for mandatory reinstatement. We agree. There remains the legal issue of the alleged necessity for a second try-or-dismiss notice, a matter of first impression in this court.

II. *Requirement of second try-or-dismiss notice.*

■ The rule 215.1 requirement that the clerk "shall prior to August 15 of each year give notice to counsel of record . . ." is a mandatory duty. *Kiertzner v. Ehrp*, 218 N.W.2d 587, 590 (Iowa 1974); *Schmidt v. Abbott*, 261 Iowa 886, 889–90, 156 N.W.2d 649, 651 (1968). Failure of the clerk in this respect stands as a mistake, oversight, or omission entitling a plaintiff to reinstatement of the dismissed case. *Kiertzner*, 218 N.W.2d at 590; *Schmidt*, 261 Iowa at 890, 156 N.W.2d at 651; *Seela v. Haye*, 256 Iowa 606, 610, 128 N.W.2d 279, 281 (1964). But these decisions address failures to give a timely first notice, or any notice.

■ While not involving the precise problem we now face, the rationale we applied in *Brown v. Iowa District Court*, 272 N.W.2d 457, 458 (Iowa 1978), is more pertinent:

When a case is continued, it is not removed from the operation of the rule except that the date of trial is changed. In all other respects the rule remains operative. *McKinney v. Hirstine*, 257 Iowa 395, [397–98,] 131 N.W.2d 823, 825 [(1964)]. If the order continuing the case is not complied with, the case stands dismissed.

In *Brown* we held the case had been dismissed automatically when not tried on the date fixed by a continuance, where no further continuance was requested or granted. *See id.* at 458–59. Similarly, in *McKinney v. Hirstine* where a 215.1 dismissal notice advised counsel the case would be dismissed if not tried at the September term, and prior to the expiration of that term a continuance to the November term had been obtained, we held the case was automatically dismissed where "[n]othing was done at the November term in the way of a trial or a further application for continuance." 257 Iowa at 396, 131 N.W.2d at 824. We reasoned,

So in the case at bar, the continuance was to a "term certain." The plaintiffs had one more term in which to bring their case to trial, or otherwise to dispose of it. They might have asked a further continuance; but they did nothing. We see no escape from the conclusion that the application of Rule 215.1 was not otherwise changed. To hold with the plaintiffs and the trial court would mean that a continuance for one term would abrogate the rule for the entire remainder of the year, and compel a new notice after the next July 15th date was reached. We cannot agree with this interpretation.

*Id.* at 398, 131 N.W.2d at 825.

Although in neither *Brown* nor *McKinney* did the continuance extend into the following year's July 15-August 15 notice period, the logic of those decisions controls our disposition of this appeal. When the continuance to December 31, 1978, expired and no further continuance was obtained, the case was dismissed automatically without the necessity of a second try-or-dismiss notice. *See* Note, *Iowa Rule 215.1—Mandatory Dismissal for Want of Prosecution—The Flexible Trap*, 23 Drake L.Rev. 158, 164 & n.62 (1973) ("A continuance pursuant to Rule 215.1 merely extends the mandatory dismissal date to the date stated in the order, and does not serve to abrogate the rule for the entire remainder of the year and compel a new notice after the next July 15.").

There is no logical reason why a case under rule 215.1, held in a state of suspended animation by a continuance extending through a succeeding notice period, should thereby obtain a renewed lease on life. A second try-or-dismiss notice would impart no warning not already conveyed by the first.

In our view plaintiff places unwarranted emphasis on the 215.1 language requiring notice "prior to August 15 *of each year.*" (Emphasis provided.) Those words were inserted with other rule changes made necessary by the conversion from terms of court to continuous district court sessions. *See* 62d G.A., ch. 400, § 261 (1967); *id.* ch. 401, § 1; 63d G.A., ch. 335, at 513 (1969). After studying the other simultaneous amend-

ments to rule 215.1, we are convinced the words "of each year" were added to make clear the clerk's duty is an annual one, not merely in the year the rule was amended. We hold the legislative intent was to require but one timely notice to trigger the try-or-dismiss status, which status is not revoked by failure to serve subsequent notices. A case under timely 215.1 notice is automatically dismissed at the end of a continuance when it has not been tried and no further continuance has been obtained, even if the continuance extends through another notice period. *See Werkmeister v. Kroneberger*, 262 N.W.2d 295, 296 (Iowa 1978).

We reverse and remand for dismissal without prejudice.

REVERSED AND REMANDED.