Terrence Anthony GREENE, Appellee,

v.

**TRI–COUNTY COMMUNITY SCHOOL DISTRICT, Riddell, Inc., Hogan's Sporting Goods, Inc. and Robert DeLacey, Appellants.**

No. 66241.

Supreme Court of Iowa.

Feb. 17, 1982.

Theodore T. Duffield of Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, and Stephen C. Gerard of Baumert & Gerard, Sigourney, for appellants Tri-County Community School Dist. and Robert DeLacey.

H. Richard Smith and Edward W. Remsburg of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for appellant Riddell, Inc.

Terrence A. Hopkins of Hopkins & Huebner, Des Moines, for appellant Hogan's Sporting Goods, Inc.

Richard G. Langdon of Herrick, Langdon & Langdon, Des Moines, and Harold B. Heslinga, Oskaloosa, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McGIVERIN, and SCHULTZ, JJ.

HARRIS, Justice.

The question is whether the trial court could reinstate a case which was dismissed for want of prosecution. Defendants moved to dismiss it under Iowa R.Civ.P. 215.1. There was a defect in the clerk's required notice (it was served one day late). In addition to a possible automatic dismissal under the rule the trial court entered a formal order of dismissal. A motion to reinstate was filed eleven months after dismissal, more than the six months allowable for reinstatement under rule 215.1, but within the one year allowed for setting aside judgments under Iowa R.Civ.P. 252. The trial court ordered the case reinstated and we affirm.

This is an example of what Justice Thompson once described as "a veritable Rip Van Winkle of a law suit." *Nitta v. Kuda*, 249 Iowa 853, 855, 89 N.W.2d 149, 149–50 (1958). It arose from an accident

which occurred in a high school football game played on October 12, 1973. Suit was brought October 8, 1975. Pleadings were not completed until February 21, 1977. On (not before) August 15, 1977, the district court clerk filed and delivered to all parties the "try-or-dismiss" notices pursuant to Iowa R.Civ.P. 215.1. By that rule we attempt to require every civil and special action to ". . . be brought to issue and tried within one year from the date it is filed and docketed and in most instances within a shorter time." Rule 215.1. The rule then goes on to provide: "All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be for trial at any time prior to January 1 of the next succeeding year. The clerk shall *prior to August 15* of each year give notice to counsel of record as provided in Rule 82 . . . ." *Id.* (Emphasis added.) The rule then specifies the contents of the notice.

The parties did not at that time observe that the clerk's notice was one day late. Rather than challenge it they proceeded to act on it. On December 29, 1977, all parties joined in an application to continue the suit to the 1978 court sessions. This application was granted but no further action was taken in the matter during 1978.

On February 23, 1979, defendants moved to dismiss the action, essentially on the basis of plaintiff's failure to prosecute under the rule. The motion to dismiss was set for hearing to be held April 23, 1979. It is not altogether clear from the record what took place at this hearing or even whether it was actually had. Nonetheless, on August 8, 1979, the trial court ordered the action dismissed.

After adding new counsel, eleven months later, on June 9, 1980, on the basis of Iowa R.Civ.P. 252 and 253, plaintiff petitioned to vacate the August 8, 1979, dismissal. This petition as later amended relied on the failure of the clerk to give a proper try-or-dismiss notice. The trial court sustained the petition and ordered the case reinstated. This appeal followed.

The list of our cases interpreting rule 215.1 is not long. Principles are clear and well understood. It is in the public interest that cases not tried or settled within a reasonable time should be dismissed. Whatever hardship might be suffered by an occasional litigant whose suit is thus lost is more than compensated by the general good that results from the impetus provided by the rule.

The dismissal does not need or gain anything from a formal order of dismissal; it is automatic. *Brown v. Iowa Dist. Court for Polk Cty.*, 272 N.W.2d 457, 459 (Iowa 1978). Following the automatic dismissal the litigant has six months to seek reinstatement by application as provided in the rule:

The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within *six months* from the date of dismissal." (Emphasis added.)

There is some suggestion here, on the basis of our holding in *Schmidt v. Abbott*, 261 Iowa 886, 890, 156 N.W.2d 649, 651 (1968), that the rule 215.1 application can be made within the one year provided for rule 252 applications for vacation of judgment. *See* Iowa R.Civ.P. 253. Defendants here argue, and we agree, that *Schmidt* should not be cited for enlarging from six months to one year the time allowed for reinstatement under rule 215.1. The rule as applied at the time we decided *Schmidt* did not contain the provision for reinstatement. When the reinstatement provision was added to rule 215.1 the period was shortened from one year (borrowed in *Schmidt* from rule 253) to the present six months.

Decisions to allow or deny reinstatement under a timely application under rule 215.1 are discretionary. *Wharff v. Iowa Methodist Hospital*, 219 N.W.2d 18, 21 (Iowa 1974). In the absence of a timely application there is no trial court discretion in the matter. It is then beyond the power

of the court to rescue the case from its automatic dismissal. *Koss v. City of Cedar Rapids*, 300 N.W.2d 153, 157 (Iowa 1981).

Because the stakes are high, and the results harsh, the formalities prescribed to implement the rule 215.1 procedure must be strictly observed. *Seela v. Haye*, 256 Iowa 606, 610, 128 N.W.2d 279, 280 (1964). If there is not substantial compliance, the rule is not invoked and there is no automatic dismissal that needs to be set aside.

There was no automatic dismissal here. The notice was served one day late; it was served on, rather than before, August 15. Hence rule 215.1 never came into operation.

Yet there was a written order of dismissal which stood unchallenged for eleven months. Defendants argue that, whatever its deficiencies, it purported to be a dismissal triggered by rule 215.1. It became, according to the argument, impervious to challenge when it stood for more than the six months allowed for challenge.

Here we must agree with the plaintiff. Because it was never properly invoked, rule 215.1, with its six month limitation, should be set aside from our consideration. All that is left is a judgment of dismissal. In common with other judgments it is subject to a rule 252 motion to vacate any time within the one year period specified in rule 253. Rulings on timely applications under rule 252 are also discretionary. *Kreft v. Fisher Aviation, Inc.*, 264 N.W.2d 297, 304 (Iowa 1978). We might, on a de novo review, reach a conclusion opposite that of the trial court but we cannot say there was an abuse of discretion.

Although we thus affirm the ruling of the trial court we certainly do not condone the interminable delays that brought about the dismissal. Of the many criticisms of the courts few things cause such righteous public indignation as does delay. Situations such as the present one, once quite common, have become rare. When one does arise it saddens all who take pride in the dedication and conscientiousness which is the usual standard in the profession.

AFFIRMED.