**Harold Arthur SMITH and Jeanette Rae Smith, Appellees,**

v.

**The Partnership of KORF, DIEHL, CLAYTON, AND CLEVERLEY; J.N. Diehl; B.C. Clayton; James W. Cleverley; and Charles G. Neighbor; as Individuals, Appellants.**

No. 67227.

Supreme Court of Iowa.

Feb. 16, 1983.

Philip E. Stoffregen and Steven J. Dickinson of Belin, Harris, Helmick & Heartney, Des Moines, for appellants.

Robert H. Laden and Thomas P. Schlapkohl of Hyland, Laden & Pearson, P.C., Des Moines, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK, and CARTER, JJ.

HARRIS, Justice.

This appeal involves an old legal malpractice suit which has twice been a target of our try or dismiss rule, Iowa R.Civ.P. 215.1. The suit, which arose from earlier proceedings, survived a prior appeal involving a summary judgment. *See Smith v. Korf, Diehl, Clayton & Cleverley,* 302 N.W.2d 137 (Iowa 1981). A 215.1 notice was issued during that appeal. A second notice was issued two years later. The questions here involve the propriety of trial court rulings which (1) declared the first notice ineffective, and (2) reinstated the case after it was dismissed as a result of the second notice. We affirm the trial court.

Defendant calls the case a "procedural quagmire" and we heartily subscribe to the description. The lawsuit was filed on March 7, 1978. Defendant law firm had represented plaintiff in earlier proceedings. On August 7, 1979, the trial court sustained defendant's motion for summary judgment. On (not before) August 15, 1979, the district court clerk mailed a rule 215.1 notice to both parties. On September 4, 1979, the plaintiff filed a notice of appeal from the summary judgment. We treated it as an application for interlocutory appeal under Iowa R.App.P. 1(c) and reversed the trial court order granting summary judgment. 302 N.W.2d at 139–40.

On March 26, 1981, defendant moved in this court to vacate our decision and asked us to enter a supervisory order directing the district court to enter a judgment of dismissal under rule 215.1. A similar motion was filed in district court. We declined to exercise jurisdiction and directed the district court to resolve the issue. On August 8, 1981, the district court refused to dismiss the case because the 215.1 notice was given on, rather than prior to, August 15.

On August 10, 1981, another rule 215.1 notice was given both parties and on September 4, 1981, defendant moved to appeal the August 8 trial court ruling in advance of final judgment under Iowa R.App.P. 2. Permission was granted and we agreed to review the district court's interpretation of rule 215.1. On January 1, 1982, the lawsuit was dismissed by the district court clerk under rule 215.1 on the basis of the second notice, issued August 10, 1981. This dismissal was "confirmed" by a formal court order on January 21, 1982.

On May 18, 1982, the plaintiff applied for reinstatement of the suit. This motion was later sustained and the case reinstated. The trial court found that the dismissal was "a mistake and oversight upon the part of the court and clerk," and that "a case on appeal to the supreme court may not be dismissed under rule 215.1." The court stated that "the fact that the case was on appeal is reasonable cause for the plaintiff's failure to obtain an order" under rule 215.1.

On November 17, 1982, we granted permission to appeal the order of reinstatement in advance of final judgment and ordered it submitted with the earlier appeal.

We then have for review two separate 215.1 proceedings, the one instituted under the notice mailed on August 15, 1979, and the one instituted under the notice mailed August 10, 1981.

I. The first of the two appeals, on the dismissal notice sent on August 15, 1979, presents a legal question which we review on error. Iowa R.App.P. 4.

In a case decided after briefs here were filed we held that notice mailed *on* August 15 is not soon enough and is hence ineffective under rule 215.1. *See Greene v. Tri-County Comm. Sch. Dist.*, 315 N.W.2d 779, 782 (Iowa 1982). Defendant criticizes our holding in *Greene* and argues it is inconsistent with our statute governing the computation of time. Iowa Code § 4.1(22) (1981). Under this section the first day is excluded and the last day included unless it falls on Sunday.

■ We find the criticism unpersuasive. Rule 215.1 does not call for the computation of time but rather states specifically that the notice must be mailed prior to August 15. We adhere to our holding in *Greene* and conclude that the trial court must be affirmed for holding the first notice (mailed on August 15, 1979) was ineffective.

II. The second appeal addresses the trial court's decision to reinstate the lawsuit after it was dismissed. This calls for a more deferential standard:

The operation of the rule 215.1 amendment in a mandatory reinstatement situation and the scope of review in this court are set out in *Rath v. Sholty,* 199 N.W.2d [133] at 336:

"... [T]rial court must initially determine whether the evidence adduced at the hearing constitutes a 'showing' of oversight, mistake or other reasonable cause. This first involves a factual finding which we shall review not de novo, as in equity, but as in a law proceeding. It follows that trial court's findings of fact

and inferences inherent therein are binding upon this court if supported by substantial evidence. Rule 344(f)(1), R.C.P. Whether the facts and inferences found constitute 'inadvertence,' 'mistake' or 'other reasonable cause' is not a factual but a legal question on review. [Authority.] We have held trial court's interpretation of its findings becomes a question of law which is not conclusive on appeal .... [citing authorities]."

*Wharff v. Iowa Methodist Hospital,* 219 N.W.2d 18, 21 (Iowa 1974).

In challenging the reinstatement defendant focuses on a stated exception within the rule: "This rule shall not apply to cases ... pending on appeal from a court of record to a higher court ...; provided, however, that a finding as to [this fact] ... is made and entered of record." The case was of course on appeal to this court at the time of dismissal and subject to the exception upon which plaintiff relies.

Defendant in turn points to the quoted requirement that the fact of the pending appeal be found and made of record. There was no such finding made here and no record of the appeal prior to the automatic dismissal date, January 1, 1982.

Again, we agree with the trial court. The case was reinstated on the basis of an entirely different paragraph of rule 215.1, a paragraph not directly related to the exception or the requirement just quoted. The last paragraph of rule 215.1 provides for a discretionary reinstatement during a six month period:

The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.

Exercising this discretion the trial court ordered the case reinstated in the belief the dismissal was a mistake and oversight on the part of the clerk. The trial court believed that the pending appeal was a rea-

sonable cause for the plaintiff's failure to obtain an order exempting the suit from the operation of the rule.

 In considering discretionary reinstatement there is no requirement that a finding be made and entered of record prior to the automatic dismissal date. Such a requirement relates only to what is necessary for a plaintiff seeking beforehand to avoid the automatic dismissal. Under the record here we cannot find the trial court abused its discretion in reinstating the case.

AFFIRMED.