379 N.W.2d 904 (1986)
Mindy ERICKSON, by her Mother and Next Friend, Penny A. ERICKSON; Penny A. Erickson; and Robert F. Erickson III, Appellants,
v.
Fouad A. SALAMA, M.D.; Fouad A. Salama, M.D., P.C.; and Foods, Inc., Appellees.
No. 85-96.
Supreme Court of Iowa.
January 15, 1986.
Mark C. Smith, Mike Christensen, and H. Richard Smith and David H. Luginbill, of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, Des Moines, for appellants.
Michael Figenshaw and David L. Jenkins, of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellees Salama.
W.C. Hoffmann and Joseph S. Cortese II, of Jones, Hoffmann & Davison, Des Moines, for appellee Foods, Inc.
Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, CARTER and WOLLE, JJ.
McGIVERIN, Justice.
Plaintiffs appeal from an order of the district court denying their request for reinstatement of a civil action which had been automatically dismissed pursuant to Iowa Rule of Civil Procedure 215.1, contending that the clerk of court failed to give a "try or dismiss" notice to plaintiffs' counsel of record as provided in the rule. The determinative issue is whether both of plaintiffs' attorneys of record, who were not from the same law firm, were entitled to be given or mailed a rule 215.1 notice by the clerk of court.
I. Background facts and proceedings. Plaintiffs filed this action at law on July 1, 1982, seeking damages based on birth defects suffered by plaintiff Mindy Erickson because of defendants' alleged negligence. In their petition, plaintiffs contended that the proximate cause of those injuries was *905 ingestion of a drug by plaintiff Penny Erickson during pregnancy. The drug was allegedly prescribed by defendants Salama and marketed by defendant Foods, Inc. Defendants were represented by separate counsel.
When the petition was filed, plaintiffs also filed a demand for jury trial. Iowa R.Civ.P. 177. Both documents were signed in the following manner:
s/Mark C. Smith
MARK C. SMITH
1906 Grand Avenue
West Des Moines, IA 50265
(515) 223-1335
ATTORNEY FOR PLAINTIFFS
s/Mike Christensen
MIKE CHRISTENSEN
1906 Grand Avenue
West Des Moines, IA 50265
(515) 223-1335
ATTORNEY FOR PLAINTIFFS
The clerk of court entered the names of both Mark Smith and Mike Christensen in the docket as plaintiffs' counsel of record.
Mark Smith and Mike Christensen do not have any sort of a partnership agreement or association for the practice of law. They have identical phone numbers and addresses, but both attorneys have separate telephone listings, stationery, business cards and secretarial services. In the Ericksons' case, they agreed to share the work and to divide any fee recovered in handling the claims. The district court found that the only arrangement that existed between the two attorneys was that of office-sharing or a landlord-tenant relationship.
Prior to August 15, 1983, the clerk of court mailed out rule 215.1 "try or dismiss" notices on this case. Defense counsel both received their respective copies of such notice. The district court found, "It does not appear from any evidence presented nor from the copy of the [rule] 215.1 notice that the notice was mailed [by the clerk of court] to Mike Christensen as an attorney for the plaintiffs." Defendants do not dispute this finding. The briefs of the parties on appeal assume that Christensen was not given a rule 215.1 notice by the clerk. An affidavit by the chief deputy clerk of court indicates that such notice was mailed to attorney Smith, although Smith claims that it was not received at his office.
No continuance order under rule 215.1 was obtained by the parties prior to January 1, 1984, and the clerk noted dismissal of the Ericksons' case on the docket on January 3, 1984. Doland v. Boone County, 376 N.W.2d 870, 873 (Iowa 1985).
Ten months later, on November 7, plaintiffs filed an application for reinstatement of the case, contending that counsel for plaintiffs never received a rule 215.1 notice of the upcoming dismissal as provided in the rule.
Defendants resisted the application to reinstate the case through a special appearance, Iowa Rules of Civil Procedure 66 and 104(a), with sworn affidavits filed by counsel of record for each of the defendants stating that rule 215.1 notices had been received by them. An affidavit of the chief deputy clerk of court, outlining the procedure for preparing and mailing rule 215.1 notices to counsel, also was filed. An affidavit of the county purchasing agent, who had charge of the practices followed involving outgoing mail in the courthouse, was included in the resistance.
Plaintiffs then filed affidavits of Mark Smith, Janet Bryan-Galloway, who was an attorney practicing with Smith, Mike Christensen and a legal secretary for Christensen which claimed that a rule 215.1 notice for the Ericksons' case was not received in the office.
The district court concluded that plaintiffs had not successfully rebutted the presumption that notice was mailed to attorney Smith. See Liberty Mutual Insurance Co. v. Caterpillar Tractor Co., 353 N.W.2d 854 (Iowa 1984); Public Finance Co. v. Van Blaricome, 324 N.W.2d 716, 721 (Iowa 1982). The court further ruled that under the unique facts of the case, notice mailed to only one of plaintiffs' attorneys was substantial compliance with rule 215.1 and the service requirement of *906 Iowa Rule of Civil Procedure 82. Accordingly, plaintiffs' application for reinstatement was denied and defendants' special appearance was sustained. Plaintiffs appealed.
The issues raised on appeal are: 1) whether both of plaintiffs' attorneys of record, Mark Smith and Mike Christensen, were entitled to have rule 215.1 notices given or mailed to them or whether notice mailed to one of the attorneys was sufficient; and 2) whether plaintiffs dispelled the presumption of mailing the rule 215.1 notice to attorney Mark Smith that accompanies the use of regular procedures in the clerk's office. Because our disposition of the first issue is controlling, we need not address the second one.
II. Required service of notice under rule 215.1. It is undisputed that the clerk of court's office did not give or mail a rule 215.1 notice to Mike Christensen, one of plaintiffs' two attorneys of record. Plaintiffs contend that both of their attorneys were entitled to such notice, and that in the absence of such complete notice, service under rule 215.1 was fatally defective and the dismissal of the case was void.
Defendants, on the other hand, argue that under this record notice to one of plaintiffs' attorneys constituted substantial compliance with the notice requirement set forth in rule 215.1. See Greene v. Tri-County Community School District, 315 N.W.2d 779, 782 (Iowa 1982). The district court agreed with defendants and concluded that rule 215.1 was validly invoked, and that the case was properly dismissed.
We begin our analysis of this issue by examining the relevant portion of rule 215.1 which provides:
All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be for trial at any time prior to January 1 of the next succeeding year. The clerk shall prior to August 15 of each year give notice to counsel of record as provided in R.C.P. 82 of:
(a) the docket number,
(b) the names of parties,
(c) counsel appearing,
(d) date of filing petition,
and the notice shall state that such case will be for trial and subject to dismissal if not tried prior to January 1 of the next succeeding year pursuant to this rule.
(Emphasis added.)
Both Mark Smith and Mike Christensen signed the petition, the first pleading filed in the Ericksons' case, and also a demand for jury trial, a separate document. Therefore, both attorneys were plaintiffs' counsel of record under Iowa Rule of Civil Procedure 65 and, thus, entitled to service of notice as provided in Iowa Rule of Civil Procedure 82. Rule 82(b) states that service upon a party's attorney "shall be made by delivering a copy to him or by mailing it to him at his last known address."
Service of a rule 215.1 notice pursuant to that rule is a prerequisite to dismissal of a case under the rule. Liberty Mutual, 353 N.W.2d at 857. Because attorney Christensen was not given or mailed the rule 215.1 notice to which he was entitled, it appears that dismissal of the case was inappropriate.
Defendants claim that because the two attorneys, Mark Smith and Mike Christensen, gave the appearance of being a partnership, notice to only one of them was sufficient under the rule. Defendants rely on the fact that plaintiffs' attorneys had the same address and phone number to support this contention.
The record, however, indicates that attorneys Smith and Christensen did not have any sort of a partnership agreement and were not in any way associated in their law practices. The district court so found and we uphold this finding.
We note, however, that had the two attorneys been associated in a partnership arrangement or as members of the same law firm, a rule 215.1 notice given or sent to their firm would have been sufficient to provide the notice required by the rule. In the absence of such an arrangement, if we *907 held that notice to some, but not all, of plaintiffs' counsel of record was adequate, certain possible adverse interests of plaintiffs' counsel would not be accommodated.[1]
We have held that the rule 215.1 formalities must be strictly observed as a prerequisite to dismissal of a case under the rule. Greene, 315 N.W.2d at 782. In Greene, we held that notice mailed on August 15, one day late, was insufficient to comply with rule 215.1, and therefore, the case was subject to dismissal, although notice was received by all counsel. Here, notice was not given or mailed at any time to one of plaintiffs' separate counsel of record. It is consistent with our case law to hold under this record that the clerk of court should have given or mailed such rule 215.1 notice to attorney Mike Christensen and the failure to do so renders the subsequent dismissal void.
Accordingly, we conclude the dismissal of the case is void and the case remains viable on the district court docket. Under our view of the matter, we need not discuss other contentions made by the parties.
REVERSED.
NOTES
[1] For example, a plaintiff could have two attorneys of record from different law firms. One could be representing plaintiff on a personal claim while the other attorney could be defending a counterclaim against plaintiffs for an insurance carrier. The two attorneys might have adverse interests to consider relative to the question of whether the entire case should be allowed to be dismissed under rule 215.1 without seeking a timely continuance under the rule. In addition, other possible adverse interests could exist in a given case.