**IOWA DEPARTMENT OF TRANSPORTATION, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR POLK COUNTY, Defendant.**

No. 97–1168.

Supreme Court of Iowa.

Dec. 23, 1998.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Mark Hunacek, Assistant Attorney General, for plaintiff.

Robert Rigg, Des Moines, and Gregory S. Bailey, Student Legal Intern, for defendant.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and CADY, JJ.

LAVORATO, Justice.

The Iowa Department of Transportation (IDOT) has brought a certiorari action challenging the district court's order in a criminal proceeding that substituted community services in lieu of a civil penalty imposed by the IDOT. We sustain the writ of certiorari.

Larry Cheely had three convictions for operating while intoxicated (OWI). Pursuant to Iowa Code section 321J.17 (1995), the IDOT assessed against him a civil penalty in the amount of $200 for each suspension resulting from the convictions.

Unable to pay the penalty, Cheely filed an application in the district court, asking the court to substitute community services in lieu of the penalty. The district court concluded that the section 321J.17 civil penalty was subject to Iowa Code section 910.2 (1995) (provision authorizing community services).

The court ordered Cheely to perform sixty hours of community services in lieu of the civil penalty. Upon Cheely's completion of the community services, the court further ordered the department of correctional services to certify that fact to the IDOT. According to the order, the IDOT was then to give Cheely credit for the services performed against the civil penalty assessed.

We granted the IDOT's petition for writ of certiorari, challenging the district court's order.

We review the district court's order to correct errors of law. *Iowa Dep't of Transp. v. Iowa Dist. Ct.*, 534 N.W.2d 457, 459 (Iowa 1995). We will sustain a writ of certiorari when the district court has exceeded its authority. *Id.*

## I. The Authority of the District Court.

The issue in this case is whether we can interpret Iowa Code sections 321J.17 and 910.2 as giving the district court the authority to substitute community services in lieu of the section 321J.17 civil penalty. For reasons that follow, we conclude these statutory provisions do not provide such authority.

**A. Iowa Code section 321J.17.** This provision provides:

> When the [IDOT] revokes a person's motor vehicle license or nonresident operating privilege under this chapter, the [IDOT] shall assess the person a civil penalty of two hundred dollars. The money collected by the [IDOT] under this section shall be transmitted to the treasurer of state who shall deposit one-half of the money in the separate fund established in section 912.14 and one-half of the money shall be deposited in the general fund of the state. A motor vehicle license or nonresident operating privilege shall not be reinstated until the civil penalty has been paid.

*Id.*

When a statute is unambiguous, we apply it in accordance with its plain meaning. *Citizens' Aide/Ombudsman v. Miller*, 543 N.W.2d 899, 902 (Iowa 1996). We neither search for a meaning beyond the express terms of the statute nor do we resort to rules of statutory construction. *Krull v. Thermogas Co.*, 522 N.W.2d 607, 612 (Iowa 1994).

The statute here is unambiguous. It states in definite terms that (1) the IDOT shall assess a $200 civil penalty when it revokes a person's motor vehicle license and (2) the IDOT shall not reinstate the person's license until the penalty is paid. The statute accords the district court no authority to intercede in the process of assessing a civil penalty.

In addition, the statute uses the word "shall" ("department shall assess" and "[a] license shall not be reinstated until the civil penalty has been paid"). When the word "shall" is addressed to a public official, it is ordinarily mandatory. *See* Iowa Code § 4.30(a) (providing that unless legislature specifically provides otherwise, "shall" imposes a duty); *Schmidt v. Abbott*, 261 Iowa 886, 890, 156 N.W.2d 649, 651 (1968). Thus, the IDOT must impose the penalty and has no discretion to do otherwise. Unless and until that penalty is assessed and paid, the IDOT has no discretion to restore the motor vehicle license.

Finally, the statute expressly directs the IDOT to transmit the money collected to the treasurer of state. The statute imposes on the treasurer a duty to deposit one-half of the money into the victim compensation fund established by Iowa Code section 912.14 and one-half of the money into the general fund. Thus, the statute provides no authority for substituting community services in lieu of the civil penalty.

**B. Iowa Code section 910.2.** This provision provides in relevant part:

> In all criminal cases in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of the offender's criminal activities, to the clerk of court for fines, penalties, surcharges, and, to the extent that the offender is reasonably able to pay, for crime victim assistance reimbursement, court costs, court-appointed attorney fees, or the expense of a public defender when applicable, or contribution to a local anticrime organization. . . .
>
> When the offender is not reasonably able to pay all or a part of the crime victim compensation program reimbursement, court costs, court-appointed attorney fees, the expense of a public defender, or contribution to a local anticrime organization, the court may require the offender in lieu of that portion of the crime victim compensation program reimbursement, court costs, court-appointed attorney fees, expense of a public defender, or contribution

to a local anticrime organization for which the offender is not reasonably able to pay, to perform a needed public service for a governmental agency or for a private non-profit agency which provides a service to the youth, elderly, or poor of the community . . . .

Section 910.2 only applies in criminal cases where there has been a judgment of conviction followed by a sentence. In cases where the defendant is not reasonably able to pay, section 910.2 gives the district court the discretion to order the defendant to provide community services in lieu of the items mentioned.

In contrast, section 321J.17 contemplates administrative action, not court action. The statute does not apply to a criminal proceeding and does not depend on a conviction of a crime. The IDOT imposes the section 321J.17 penalty whenever a person's license has been revoked under Iowa Code chapter 321J. Revocation may occur for test refusal pursuant to Iowa Code section 321J.9 or test failure pursuant to Iowa Code section 321J.12, even if no criminal conviction has occurred. The statute provides for a mandatory civil penalty, which must be imposed in addition to, or independent of, fines or any other items mentioned in section 910.2. Contrary to Cheely's contentions made on behalf of the district court, sections 321J.17 and 910.2 stand alone, with distinct legislative authorization and purposes.

Moreover, section 910.2 gives the district court no authority to substitute community services in lieu of either a criminal fine or a civil penalty. The first part of the provision directs the district court to order the defendant to make restitution

to the victims of the offender's criminal activities, to the clerk of court for *fines, penalties,* surcharges, and, to the extent that the offender is reasonably able to pay, for crime victim assistance reimbursement, court costs, court-appointed attorney fees, or the expenses of a public defender when applicable, or contribution to a local anticrime organization.

Iowa Code § 910.2 (emphasis added). Fines and penalties are not listed after the "reasonably able to pay" clause, indicating the of-

fender remains obligated to pay these items regardless of whether the offender is able to pay.

Section 910.2 goes on to establish the following order of priority:

In structuring a plan of restitution, the court shall provide for payments in the following order of priority: victim, *fines, penalties,* and surcharges, crime victim compensation program reimbursement, court costs, court-appointed attorney fees, or the expense of a public defender, and contribution to a local anticrime organization.

*Id.* (emphasis added).

Again, the intent is clear that the offender remains liable to pay fines and penalties regardless of whether the offender is able to pay. This becomes more clear in the next part of section 910.2, which authorizes the court to substitute community services:

When the offender is not reasonably able to pay all or a part of the crime victim compensation program reimbursement, court costs, court-appointed attorney's fees, the expense of a public defender, or contribution to a local anticrime organization, the court may require the offender in lieu of that portion of the crime victim compensation program reimbursement, court costs, court-appointed attorney fees, expense of a public defender, or contribution to a local anticrime organization for which the offender is not reasonably able to pay, perform a needed public service for a governmental agency or for a private nonprofit agency which provides a service to the youth, elderly, or poor of the community.

*Id.* Fines and penalties are conspicuously absent from the list of items in lieu of which the district court may substitute community services. *See Barnes v. Iowa Dep't of Transp.,* 385 N.W.2d 260, 262–63 (Iowa 1986) (" [L]egislative intent is expressed by omission as well as by inclusion."); *cf.* Iowa Code § 321J.2(2)(a) (providing that in first offense OWI court may as an alternative to a portion or all of the fine order the defendant to perform not more than two-hundred hours of unpaid community services).

For all of these reasons, we conclude the district court had no authority to substitute community services for the section 321J.17 civil penalty that the IDOT had imposed.

## II. Disposition.

Because there is no statute that gives the district court authority to substitute community services in lieu of the section 321J.17 civil penalty, we conclude the district court exceeded its authority in doing so. *See Iowa Dep't of Transp. v. Iowa Dist. Ct.,* 504 N.W.2d 897, 898 (Iowa 1993) (holding that district court exceeded its authority in criminal proceeding when it required the IDOT to remove the defendant's prior conviction for OWI from his driving record; there was no statute permitting the district court in a criminal case to direct the IDOT to remove such conviction). We therefore sustain the writ. We do not address the constitutional issues that Cheely raises on behalf of the district court because they were not adequately preserved for review.

**WRIT SUSTAINED.**